## BUTLER v. BURT.

### S. F. No. 2284; April 25, 1902.

#### 68 Pac. 973.

**Rent.—The Complaint in an Action for Rent Alleged that,** after plaintiff had commenced a suit to foreclose a mortgage on the leased premises, defendant entered into possession under an agreement requiring him to pay a portion of the rent to plaintiff and a portion to the mortgagor. The answer set out a lease with the mortgagor alone, under which defendant claimed that he took possession of the property; but it required the payment to plaintiff of the same portion of

the rent as alleged in the complaint. The answer also set out a guaranty of possession to defendant, which had been executed by plaintiff. Held, not such a variance as to the manner of leasing the property as would preclude judgment on the pleadings in plaintiff's favor.

**Rent.—Where a Tenant Enters into Possession of** the leased premises under a lease reciting a decree of mortgage foreclosure and order for the sale of the property, and requiring the tenant to pay a portion of the rent to the mortgagee if he purchases the property at the foreclosure sale, the fact that the mortgagee has the decree and order of sale set aside does not preclude him from recovering such rent, after he has purchased the property at a sale under a subsequent decree in the same suit.

**Rent.—The Defendant in an Action for Rent Alleged** the surrender of possession and the payment of $140 to plaintiff on the day when the latter commenced an unlawful detainer suit. The claim in the action for rent was to a certain date, and the rent from that time till the surrender of the premises would amount to $140 at the rate at which the property was rented. It was also alleged that such payment and surrender of possession was under the agreement that it was not to be taken as an admission by defendant that plaintiff had any claim against defendant for rent. Held, that it was not error, in rendering judgment for plaintiff on the pleadings, which did not show any defense, to refuse to give defendant credit for the $140.

**Pleading—Amendment.—A Cause will not be Reversed** by reason of a failure to allow the amendment of a pleading when no permission to amend is asked.

APPEAL from Superior Court, City and County of San Francisco; J. M. Seawell, Judge.

Action for rent by John W. Butler against John J. Burt. From a judgment for plaintiff the defendant appeals. Affirmed.

J. J. Burt in pro. per.; Joseph Hutchinson for respondent.

COOPER, J.—This is an appeal from a judgment for plaintiff on the pleadings, which were verified. The complaint alleges that on the twenty-first day of August, 1895, one Soule was the owner of the premises described in the complaint, and that plaintiff had commenced a suit for the foreclosure of a mortgage thereon; that it was understood and agreed, between plaintiff and Soule, that, in case of sale

by virtue of the foreclosure proceedings, the plaintiff would purchase the premises; that defendant was anxious to obtain a lease of the said premises, and a written agreement was entered into, by the terms of which the defendant rented the premises at the monthly rental of $35 from the first day of September, 1895, the rent, after foreclosure sale, to be paid, one-half to Soule and one-half to plaintiff, until the period allowed by law for the redemption of the premises should expire, and thereafter the whole to be paid to plaintiff; that defendant entered into possession of said premises, under the lease, on the twenty-first day of August, 1895, and continued in possession thereof under said lease until the last day of December, 1897; that the premises were sold under the decree of foreclosure on May 21, 1896, and the time for redemption thereof expired November 21, 1896, at which time the said Soule conveyed the said premises by deed to plaintiff, and also assigned and transferred the said lease, and plaintiff has ever since been the owner of said premises' and of said lease; that no part of the rent was paid to plaintiff after June 1, 1896; but that $17.50 per month for the months of June, July, August, September, October and November, 1896, and $35 for each month thereafter to the end of the year 1897, amounting to $560, is due and unpaid from defendant to plaintiff under the terms of said lease. The answer attempts to deny the allegations of the complaint, but each denial is followed by the qualifying words "otherwise than herein stated." We must then look to the affirmative part of the answer to see the admissions "otherwise therein stated." The answer alleges the leasing of the premises from Soule, and sets forth a copy of the lease as Exhibit A annexed to the answer. It is argued by the defendant that this allegation constitutes a defense, for the reason that it is a different lease from that set forth in the complaint, being a lease from Soule alone, and not from Soule and plaintiff jointly. But the lease, although signed by Soule alone, expressly provides that one-half the rent is to be paid to plaintiff, in case he becomes the purchaser at foreclosure sale, until the time for redemption expires, and then the whole thereof to be paid to him. Defendant also sets forth, as a part of his answer, Exhibit C, which is

a copy of an agreement or guaranty signed by plaintiff confirming the lease during the period of redemption, and guaranteeing defendant the further possession of said premises for the remaining six months of the year after the time for redemption should expire, upon the payment of said sums, precisely as named in the lease. The lease and this guaranty as set forth by defendant should be read together. They constitute the lease as alleged in the complaint, and show that it was made by and with the consent of plaintiff and Soule jointly. There is no variance.

When the lease and guaranty were made and delivered to defendant, they recited that a decree of foreclosure and order of sale had been made in the action brought by plaintiff against Soule to foreclose the mortgage. The answer alleges that the plaintiff, without notice to him, had this first decree and order of sale set aside, and that for this reason there was never any sale under the decree of foreclosure as contemplated by the parties, and thus no rent became due by virtue of the sale and purchase by plaintiff. If defendant could be permitted to occupy and use the premises, and then make the defense claimed, the answer is otherwise felo de se. It alleges that the court thereafter entered another decree of foreclosure in the same action, upon which an order of sale issued, and plaintiff became the purchaser at such sale. How defendant was injured by the decree being set aside and another decree being entered is not apparent. He was not in any way interested in the amount of the judgment in foreclosure, nor its payment. His right to possession was not curtailed, but extended, by the new decree. He remained in possession before the sale, thereafter during the time allowed by law for redemption, and then for more than six months thereafter. The time for redemption mentioned in the lease and in the written guaranty of plaintiff was "from any sale under said decree." This included and meant to include any sale in the foreclosure proceedings. It certainly cannot be allowed as just and equitable that defendant should remain in possession of the premises, without any disturbance, with no new landlord, and refuse to pay rent because the decree under which the sale was made was modified or changed before the sale. He held possession

under the terms of the lease. He must pay rent, under its terms, and to the parties therein named.

Defendant claims that the answer set forth the payment of $140 which should have been credited to him and deducted from the rent found to be due. The answer simply states that prior to the first day of May, 1898, the plaintiff had commenced a suit against defendant in unlawful detainer to recover the possession of the premises, and that on that day he "paid to said plaintiff the sum of $140, and surrendered the possession of said premises." We are not informed that the said $140 was paid on account of rent, or for damages for holding over after December, 1897, to May 1, 1898. But as $140 is the amount of rent for January, February, March and April, 1898, at $35, and as no claim is made by plaintiff for rent during these months, if we were to indulge in probabilities, we would conclude that the $140 was paid as rent for these months. This appears more evident from the allegation following to the effect that the payment and surrender of possession was with the expressed stipulation that it was not "to be taken as an admission on the part of the defendant that plaintiff had any claim against him in regard to the possession of said premises or any rental therefor." The answer does not deny the lease and its terms; it does not deny that defendant entered thereunder and held possession; it does not deny that the rent is unpaid; nor does it allege any defense to the action. Plaintiff was entitled to an explicit and specific denial of the material allegations of his complaint, or, if they were not denied, to a statement by way of defense of such new matter as would bar or defeat the action.

We are told by defendant in his reply brief that, conceding the answer to be defective, it was an abuse of discretion in the court not to allow defendant to amend. It appears by the bill of exceptions that the defendant, at the hearing of the motion, asked leave to amend his answer, which leave was granted and the amendment filed. The motion was then based upon the pleadings with the answer amended and submitted. It does not appear that any request for permission to again amend was made. It would be a new rule to hold that the court abused its discretion in refusing permission to amend when no such permission was asked. The rec-

ord shows but one request to amend, and that the court granted.

The judgment should be affirmed, and we so advise.

We concur: Smith, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.