[S. F. No. 4716.   Department One.—April 29, 1908.]

GEORGE W. SCHELL, Appellant, v. A. W. GAMBLE et al., Respondents.

FRAUDULENT CONVEYANCE—FUTURE CREDITORS—DEED OF GIFT.—A deed of gift may be void because made with intent to enable the grantor to defraud future creditors, but to be so, it must be fraudulent in its inception, made with the specific intent to defraud future creditors.

ID.—FRAUDULENT INTENT QUESTION OF FACT.—The question of such fraudulent intent as to future creditors is one of fact and not of law, and the burden of proof is upon the complaining creditor to show that the conveyance was made with such intent.

ID.—CONFLICT OF EVIDENCE—Where the evidence is conflicting as to whether a deed of gift was executed in fraud of future creditors, a finding upholding the deed will not be disturbed.

APPEAL from an order of the Superior Court of Contra Costa County refusing a new trial.   William S. Wells, Judge.

The facts are stated in the opinion of the court.

D. W. Burchard, and R. H. Latimer, for Appellant.

M. A. Jones, for Respondents.

ANGELLOTTI, J.—This is an appeal from an order denying plaintiff's motion for a new trial.   The action was instituted September 15, 1902, by a judgment creditor of defendant A. W. Gamble, to subject certain real property in Santa Cruz and Contra Costa counties, standing of record in the

name of defendant W. H. Gamble, son of defendant A. W. Gamble, to execution upon the judgment of plaintiff, upon the ground as to the Santa Cruz property, that a conveyance thereof by the father to the son, made July 20, 1893, was made with intent to defraud certain designated creditors and is void, and upon the ground as to the Contra Costa property, that the same is in fact the property of A. W. Gamble, purchased by him in November, 1898, and that the legal title thereto was at the time of the purchase caused by said A. W. Gamble to be placed in his son, with the intent and for the purpose of defrauding said creditors.

The principal contention of appellant is that the findings of the trial court in favor of defendants upon these matters are not sufficiently supported by the evidence. This contention cannot be upheld.

First, as to the Santa Cruz property: The conveyance of this property was made by A. W. Gamble to his son on July 20, 1893, although the deed was not recorded until July, 1894. At the time of the execution of the conveyance, no one of the designated creditors was a creditor of A. W. Gamble, and the record does not show that he then had any creditor at all. The designated creditors were one Lasserot, J. H. Skirm, and W. D. Storey, attorneys at law, and plaintiff. Lasserot's claim was founded in tort, and none of the acts upon which the claim is based was committed until December 1, 1893. Mr. Skirm's claim was for fifty dollars for legal services, rendered in the year 1894, he having been retained in December, 1893. Mr. Storey's claim was also for legal services, he having been first retained in July, 1894. Plaintiff's claim was for legal services rendered under employment of date March 2, 1898. The record does not show that, at the time of the execution and delivery of the conveyance, there was any probability that any of these parties would ever be a creditor of A. W. Gamble. It is true that a deed of gift, which we may assume this deed to have been, may be void because made with intent to enable the grantor to defraud future creditors. (See *Bush & Mallett Co.* v. *Helbing,* 134 Cal. 676, [66 Pac. 967], and authorities there cited.) But to bring a case within this rule the deed must be fraudulent in its inception, made with the specific intent to defraud future creditors. The question of such fraudulent intent as to such future creditors is one of

fact and not of law (Civ. Code, sec. 3442), and the burden of
proof is upon the complaining creditor to show that the con-
veyance was made with such intent. (*Bush & Mallett Co.* v.
*Helbing,* 34 Cal. 676, [66 Pac. 967].) We have carefully
examined the evidence contained in the record, and find no
warrant for holding that there is not therein substantial evi-
dence to support the conclusion of the trial court in this mat-
ter so far as the conveyance of the Santa Cruz land on July
20, 1893, is concerned. The most that appellant can establish
in this regard is that there was a substantial conflict of evi-
dence, and, under the well-settled rule, the decision of the
trial court is conclusive.

Second, as to the Contra Costa property: The evidence was
ample to sustain the conclusion of the trial court that A. W.
Gamble never owned any interest whatever in this property.
It was acquired by W. H. Gamble from one Bishop in the
year 1898, apparently in exchange for certain property of
Mrs. A. W. Gamble, who was the wife of A. W. Gamble and
the mother of W. H. Gamble, and the assumption by the
grantee of certain existing mortgages on the property. No
part of the consideration therefor came from A. W. Gamble.
It is claimed that the real property given by Mrs. Gamble in
exchange for this property had been fraudulently conveyed to
her by W. H. Gamble. She acquired this property in the year
1893 by deed from her husband, and there was substantial
evidence to the effect that it was so conveyed to her in pay-
ment of a just debt due her from him, and without any intent
on his part to defraud anybody.

Other findings attacked are not material in view of our
conclusion upon those already discussed.

Several alleged errors of law on the part of the trial court,
in the matter of the admission and rejection of testimony were
assigned in the statement on motion for new trial, but they
are noticed in appellant's brief only by a general statement
that all of them were valid and well taken. We have, how-
ever, examined them, and find nothing therein of sufficient
importance to warrant a reversal, even if any of them was
technically erroneous.

The order denying a new trial is affirmed.

Shaw, J., and Sloss, J., concurred.