[Sac. No. 2147. Department One.—May 27, 1915.]

THE SAN JOAQUIN VALLEY BANK (a Corporation), Respondent, v. GATE CITY OIL COMPANY (a Corporation), and J. F. LYNCH, Appellants, and J. JEROME SMITH and F. F. GIOTTONINI, Defendants.

CORPORATIONS—PROMISSORY NOTE—OBLIGATION OF THE CORPORATION.— A promissory note given for a loan to and received by a corporation, signed by the president and secretary of the company with designations as such after their respective signatures, but with the name of the corporation omitted and nowhere appearing on the face of the note, which is afterwards sealed with the corporate seal bearing the name of the company, and approved as the obligation of the company by resolutions of the board of directors and of a meeting of stockholders at which more than four-fifths of the stockholders were present, will sustain a recovery against the corporation.

ID.—DECLARATIONS AS EVIDENCE.—Evidence of declarations made at the time of negotiating the loan, and of the fact that the money was loaned to and used by the company are admissible in such action to show execution by the company.

ID.—AMENDMENT OF COMPLAINT.—It was proper to allow the plaintiff to amend the complaint which showed the name of the corporation as a part of the signature to the note, by omitting the name in conformity with the proof, since such amendment caused no prejudice to the defendant.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Plummer, Judge.

The facts are stated in the opinion of the court.

W. R. Jacobs, and A. H. Carpenter, for Appellants.

R. C. Minor, and Nutter & Orr, for Respondent.

SHAW, J.—This was an action to recover six thousand dollars upon a promissory note alleged to have been executed by the defendants to the plaintiff. The defendants answered denying the execution of the note. The court made findings and gave judgment in favor of the plaintiff against all the defendants. The Gate City Oil Company and J. F. Lynch appealed from the judgment within sixty days after its entry. They claim, in support of their appeal, that they did not execute the note set out in the complaint and that there is a variance between the allegations and the proof concerning the note. The merits of these objections can best be shown by a chronological statement of the case.

In 1907 the Gate City Oil Company was in need of the sum of six thousand dollars. Its directors passed a resolution authorizing its officers to negotiate a loan for that amount. Upon this authority certain of its officers, including Lynch, appeared at the plaintiff's banking house and it was there agreed between them and the plaintiff that the plaintiff would loan six thousand dollars upon the joint note of the Gate City Oil Company and the three defendants, Smith, Lynch, and Giottonini. A printed form of note was handed to these officers for execution. They presently returned with the note. Its opening clause was as follows: "Stockton, Cal., Sept. 20th, 1907. One day after date, for value received, we or each of us promise to pay to the San Joaquin Valley Bank, or order," etc. The closing sentence and the signatures were as follows: "All payments which become due by virtue hereof are to be paid in United States gold coin.

J. W. MOSHER, Pres.

IRA E. SMITH, Secy.

J. JEROME SMITH,

J. F. LYNCH,

F. F. GIOTTONINI."

The genuineness of these signatures is conceded. This note, thus executed, was offered to the plaintiff, in pursuance of the previous negotiations, as the note of the Gate City Oil

Company and the three other defendants, it was accepted as such and the six thousand dollars was delivered to that company. There was nothing in the body of the note to show that the Gate City Oil Company was one of the makers thereof. Some three years later it was discovered that the name of the corporation was not subscribed as one of the makers, and that the corporate seal was not attached. Thereupon, at the request of the plaintiff, the corporate seal, which showed an imprint of its name, was placed upon the note at the proper place. The directors of the Gate City Oil Company, thereupon, passed a resolution, which was entered on its minutes, declaring that the act of giving the said note by the Gate City Oil Company was approved and ratified as the act of the corporation. A meeting of the stockholders was also duly called and was attended by members holding more than four-fifths of the shares. At this meeting a resolution was unanimously adopted ratifying and approving the act of the corporation in giving the note in question as the note of the corporation. The Gate City Oil Company paid interest on the note quarterly until March 20, 1912, which was some six months after this action was begun. The complaint, as first filed, set forth the note in full. The signatures were given as follows: "Gate City Oil Co.    (Seal)

J. W. Mosher, Pres.

Ira E. Smith, Secy.

J. Jerome Smith,

J. F. Lynch,

F. F. Giottonini.''

At the trial it appeared that the name "Gate City Oil Co.'' had never been written in the signature of the note, but that the seal, with the name imprinted in it, had been attached prior to the beginning of the action. Objections being made on this ground, the plaintiff, by leave of court, amended its complaint to conform to the proof. This complaint alleged the execution of the note as the note of the Gate City Oil Co. and the other parties defendant, but without the seal affixed or the name "Gate City Oil Co.'' appearing among the signatures. It then proceeded to allege the subsequent affixing of the corporate seal and the resolutions of the board of directors and stockholders ratifying and approving the note as the note of said company. The court, thereupon, made its finding, setting forth the facts substantially as above recited and

stating that the words "Gate City Oil Co." as the signature of said company, and the seal of said company, were omitted from the note, at the time of its first execution, by inadvertence, and that it was intended that the note should be, and that it actually was and is, the note of the corporation and the other defendants.

The objection is now made that the note is not the obligation of the Gate City Oil Company. There is evidence showing that the company negotiated the loan, that it received the money thereon and expended the same for its own purposes; that its president and secretary signed the note, intending thereby to execute it as the note of the corporation and that it was accepted upon that understanding. The subsequent actions of the board of directors and stockholders of the company approving the action of the officers, as above stated, were also proven by sufficient evidence. These acts and resolutions constituted a sufficient execution of the note by the corporation. They all occurred before the action was begun. At that time, therefore, the note had been executed by the Gate City Oil Company and it was properly declared on as an obligation of that company. There was no substantial variance between the allegations of the amended complaint and the proof. The amendment was properly allowed. It caused no prejudice to the appellants, unless the deprivation of an opportunity to defeat a just claim on unsubstantial and technical grounds can be said to be prejudicial. The rule is to the contrary.

There was no error in allowing evidence of the conversations at the time the loan was negotiated and the note delivered, or of the fact that the money was loaned to the defendant company and was used by it. This evidence was not offered to alter or vary the terms of the note, but to show its execution.

The judgment is affirmed.

Sloss, J., and Angellotti, C. J., concurred.

Hearing in Bank denied.