FLORENCE E. PHILBROOK, et al., *vs.* ANNE BATES RANDALL, et al.

Cumberland.   Opinion February 3, 1916.

*Appeal.   Construction of the words "of the balance or remainder."
Intention of testator.   Intention of testator governing over
language used.   Presumption.   Wills.*

1. The expressed intention of a testator as gathered from the language of the whole will, read, in case of doubt, in the light of surrounding conditions, must control, unless in contravention of positive rules of law.

2. Words in a will may be supplied, transposed, altered, or disregarded, when the language is contrary to the apparent intention of the testator, not to discover the intention, but to express it properly when discovered.

3. A testator disposed of the residuum of his estate by using the following language:—"Of the balance or remainder of my property both real and personal of which I may die possessed, I give, devise and bequeath to my wife Anne Bates Randall," held, in a bill for the construction of the will, that the whole will read in the light of existing conditions, discloses an intention on the part of the testator to make his widow the residuary devisee and legatee of all of his estate which remained after satisfying the prior bequests in the will, and that the word "of" may be disregarded.

Bill in equity asking for construction of will. Testator left wife, no children, and one sister as his only heir. A bequest of a certain sum of money was made to his sister. A bequest was also made of the household goods and furniture to his wife. The testator added a residuary clause using the words "of the balance or remainder of my estate I give to my wife."

The plaintiffs claimed that the words "of the balance or remainder" made the residuary clause void, because it was uncertain and indefinite as to what part of the residuary estate was left to the wife.

The presiding Justice ruled that said clause or paragraph was a valid devise and bequest to the wife of all the residuary estate. Plaintiff entered appeal to the Law Court. Appeal denied. Decree below affirmed.

Case stated in opinion.

*Fanning & Fellows, and Horace W. Philbrook,* of counsel, for plaintiffs.

*Wheeler & Howe,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, JJ.

SAVAGE, C. J. This bill is brought by Mrs. Philbrook, who has unnecessarily joined her husband as a party plaintiff, to obtain a construction of the will of her brother, Humphrey A. Randall. The case comes before us on appeal from the decree of a single Justice.

Mr. Randall died leaving a widow, the defendant Randall, but no issue, and Mrs. Philbrook is his only next of kin, and would be his sole heir. He left an estate appraised at the value of $56,750. His will was written by himself. In it he bequeathed his household goods and furniture to his wife. He gave $500 to a cousin, and $5,000 to the plaintiff, Mrs. Philbrook. Then follows the paragraph in question: "Of the balance or remainder of my property both real and personal of which I may die possessed, I give, devise and bequeath to my wife Anne Bates Randall." He appoints Mrs. Randall executrix without bonds.

The difficulty, such as it is, arises from the use of the word "of" at the beginning of the residuary clause. Mrs. Philbrook contends that, grammatically and properly construed, the word "of" in this connection signifies "a part of," and hence that the residuary clause is uncertain and indefinite, and on that account void. If so the residuum becomes intestate property and goes to Mrs. Philbrook.

If it were true that "of" in this connection, grammatically considered necessarily means "a part of," there is another rule of more importance in the construction of wills than the rules of grammar. 40 Cyc., 1404. And that rule is that the expressed intention of the testator as gathered from the language of the whole will, read, in case of doubt, in the light of surrounding conditions, must control, unless in contravention of positive rules of law. *Crosby* v. *Cornforth,* 112 Maine, 109. The intention is to be found by study of the whole instrument, aided by a knowledge of the nature and extent of his estate of the testator, the size of his bounties, the relationship, needs and conditions of his beneficiaries. *Bryant* v. *Plummer,* 111 Maine, 511.

If the language used is of doubtful meaning, if it is inapt, crude or imperfect, interpretation may aid in ascertaining the intent. And words may be supplied, transposed, or altered, or disregarded, when the language is contrary to the apparent intent of the testator, not to discover the intention, but to express it properly when discovered. *Pickering* v. *Langdon,* 22 Maine, 413; *Torrey* v. *Peabody,* 97 Maine, 104; 40 Cyc., 400. The language will be subordinated to the intention. But, of course, the court cannot supply or disregard words except to express an intention otherwise gathered, but defectively expressed.

In this case, the testator was a man of wealth. He had a wife, but no children. His relations to his wife may be assumed to have been pleasant and affectionate, nothing appearing to the contrary. He owed her the duty of making provision for her. He at least had such faith and confidence in her that he made her the executrix of his will, and relieved her from the necessity of giving bond as such in the probate court. He gave to her specifically only the household goods and furniture. He gave to his sister and only next of kin $5,000. He indicates in the will no purpose of giving her any more. If he did not intend his residuary estate to go to his wife, Mrs. Philbrook will get more than he expressed any intention of giving her. There is a presumption against an intention of intestacy. The will indicates that he did not leave out of mind the residuum of his estate. It indicates that he intended to make provision for his wife by the residuary clause. By that clause he made provision for no one else. No other "part" is devised to any other person.

It is suggested in argument that the testator may have intended to leave his wife unprovided for, and to avoid the imputation thereof craftily used the language in the residuary clause so as to seem to provide for her, but not to do so. There is nothing in the case to justify the suggestion. It is repugnant to every presumption. The most that can be said is that the testator in attempting to write his own will inaptly expressed himself, not an infrequent occurrence in that class of wills.

We think that the testator intended to make his widow, Anne Bates Randall, the residuary devisee and legatee of all of his estate which remained after satisfying the prior bequests in the will; and

that the expression of this intention is found in the will. This being so, the word "of" may be disregarded.

Such was the construction placed upon the residuary clause by the single Justice from whose decree this appeal was taken. The certificate will be,

*Appeal denied.*

*Decree below affirmed.*