[Civ. No. 2409. First Appellate District.—June 21, 1918.]

## ISAAC F. KYDD, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

MUNICIPAL CORPORATIONS—SAN FRANCISCO—PUBLIC UTILITY ACQUIRED BY CITY — PREFERENCE IN APPOINTMENT OF EMPLOYEES.—Under article XIII, section 11, subdivision B, of the charter of the city and county of San Francisco, only employees of a municipal railway acquired by the city who have secured standings in examinations are entitled to preference in appointment.

ID.—DISCHARGE OF EMPLOYEES OF MUNICIPAL RAILROAD.—In view of section 11, article XIII, subdivision A, of the charter of the city and county of San Francisco, an employee of a municipal railway is subject to discharge and suspension at any time without trial, and section 12, of article XIII, providing that no employee in classified service shall be removed except for cause upon written charges, is inapplicable.

PLEADING—ORDER SUSTAINING DEMURRER—SILENCE AS TO AMENDMENT—JUDGMENT.—An omission in an order sustaining a demurrer to a complaint to say anything about leave to amend does not prevent judgment from being entered.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto, for Appellant.

George Lull, City Attorney, and Maurice T. Dooling, Jr., Assistant City Attorney, for Respondents.

KERRIGAN, J.—This is a proceeding for a writ of mandate to compel the board of public works of the city and county of San Francisco to restore petitioner to a place of employment on the municipal railway. A demurrer to the third amended petition was sustained by the court below, before whom the proceeding was had, and appellant having failed to further amend, judgment was entered in favor of defendants and against petitioner, and from this judgment this appeal is taken.

The substance of the facts as alleged in the third amended petition may be stated as follows: That on December 10, 1913, and for twenty years prior thereto, petitioner was employed in the operating service of the "Presidio and Ferries Railroad Company" in San Francisco, and that under such employment he "had absolute charge and control of the operation of said street railroad"; that on the tenth day of December the franchise of said railroad expired and it was acquired by the city and county of San Francisco; that petitioner was continued in said position from that date until June 1, 1914, at the same salary he was paid while in the employ of the Presidio and Ferries Railroad Company, at which time he was notified that he had been granted a leave of absence and need not report for work any longer, and has not been allowed to continue his duty and employment ever since; that he has demanded reinstatement, which has been refused.

Appellant bases his action on section 11, article XIII, of the San Francisco charter. That subdivision provides as follows:

"Subdivision B. The following persons securing standing on the eligible lists in examinations shall be preferred for appointment:

"1. Persons employed in the operating service of the Geary Street, Park and Ocean Railroad Company on May 5, 1912, such preference to be solely for employment in the municipal railroad service:

"2. Persons employed in the operating service of any public utility acquired by the city who have been so employed for not less than one year; and such persons so employed at the time a public utility is acquired by the city shall continue in their positions."

It is the contention of plaintiff that under this subdivision, it being in force and effect on the tenth day of December, 1913, when the defendant acquired the Presidio and Ferries Railway as a public utility, he is entitled to employment by defendant of a like nature and at the same salary he was receiving at the time when the said public utility was so acquired. This contention is predicated upon the provisions of subsection 2 of subdivision B, it being argued that the examinations provided for in subdivision B have no reference to persons who may have been in the operating service for more than one year of a public utility acquired by the city, and that such persons unqualifiedly continue in their positions without the necessity of any examination.

Statutes must be so construed that the whole, if possible, may stand. So construed, the plain meaning of the statute is that the preference provided for was intended for those securing standing in examinations and to those alone. The petition not containing an averment of this precedent condition, the demurrer was properly sustained.

Irrespective of this conclusion, however, petitioner was subject to discharge or suspension at any time without trial.

Section 12, article XIII, of the San Francisco charter, providing for tenure of office by civil service employees, states that "no person employed in the classified civil service shall be removed or discharged except for cause upon written charges and after an opportunity to be heard in his own defense." It further provides that "the appointing officer or officers of a department may, for disciplinary or penal purposes, suspend a subordinate for a period not exceeding thirty days, and such suspension shall carry with it the loss of salary for the period of suspension." The section, however, concludes with the following language: "The

provisions of this section shall not apply to persons employed in the operating department of any public utility.'' Petitioner being within that class, the limitation upon the powers of dismissal and suspension thus provided for do not apply to him. Moreover, the manager or superintending head of a public utility is excepted from article XIII of the charter dealing with civil service (subd. a, sec. 11). In the absence of restraint imposed by statute, the power of appointment implies the power of removal.

Appellant further complains of the action of the court in entering judgment after the order sustaining the demurrer, such order being silent as to any amendment. This omission did not prevent judgment from being entered. (*Smith v. Taylor*, 82 Cal. 533, 541, [23 Pac. 217]; *Aalwyn v. Cobe*, 168 Cal. 165, 172, [142 Pac. 79].) Appellant had already amended his complaint three times. The last demurrer was sustained May 31, 1917, and no steps were taken by him to further amend up to the time of the entry of judgment some four months later. From the facts as presented it is manifest that further amendment would have availed him nothing.

Judgment affirmed.

Beasly, J., *pro tem.*, and Zook, J., *pro tem.*, concurred.