[Civ. No. 3884. Second Appellate District, Division One.—May 12, 1922.]

## HENRY O. GOEBEL, Appellant, v. CHENIE LEE GREGG et al., Respondents.

[1] FRAUDULENT CONVEYANCE—DEED OF GIFT.—A deed of gift is valid if the grantor was not indebted at the time he made it, or if he had other means outside of the property conveyed with which to pay his indebtedness, but if it was fraudulent in its inception and was made with intent to enable the grantor to defraud a future creditor, it is void as to such creditor.

[2] ID.—ACTION TO SET ASIDE DEED OF GIFT—TRANSFER PRIOR TO IN-
DEBTEDNESS—PLEADING—INSUFFICIENT COMPLAINT.—A complaint in
an action by a judgment creditor to set aside, on the ground of
alleged fraud, a deed of gift made by the debtor to his daughter
prior to the time when the indebtedness was incurred fails to state
a cause of action in the absence of allegations that the transfer
was secretly made, or that the deed was not immediately upon its
execution filed for record, or that plaintiff was without knowledge
of the making thereof at the time when the indebtedness was in-
curred.

APPEAL from a judgment of the Superior Court of
Los Angeles County. Charles S. Burnell, Judge. Af-
firmed.

The facts are stated in the opinion of the court.

Rohe, Yakey & Devin for Appellant.

Ticknor, Carter & Webster and S. L. Carpenter for
Respondents.

SHAW, J.—Plaintiff appeals from a judgment entered
for defendants following an order of court sustaining a
general demurrer to the second amended complaint, with-
out leave to further amend.

The purpose of the action was, upon the ground of fraud,
to obtain a decree setting aside and annulling certain
deeds of conveyance whereby defendant Boswell trans-
ferred to his daughter, Chenie Lee Gregg, certain real
estate, which by her was conveyed to defendant Smith, and
have the same adjudged to be subject to execution upon a
judgment theretofore rendered in favor of plaintiff and
against Boswell.

As appears from the complaint, the wife of defendant
Boswell, owing to his cruel treatment of her, was on the
twelfth day of October, 1918, compelled to leave the home
which they jointly occupied, and commencing on said
October 12, 1918, and continuing up to the time of her
death, which occurred on January 26, 1920, plaintiff, at
the special instance and request of Boswell, provided her
with food, shelter, and other necessaries of life, for which
on May 25, 1920, he obtained a judgment against Boswell

in the sum of $2,234.60. An execution issued thereon was returned *nulla bona*. It further appears that nine days before the making of the contract upon which the judgment was founded, to wit, on October 3, 1918, Boswell, without money consideration, conveyed the property in question to his daughter, who, on May 29, 1920, with her husband, and likewise without consideration, conveyed the same to defendant Smith. The material allegations upon which plaintiff relies in pleading the facts constituting the fraud are, that the conveyance so made by Boswell, and that of the Greggs to Smith, was "made for the purpose of cheating and defrauding the creditors of the defendant Boswell, particularly the plaintiff, and preventing the plaintiff from recovering for the necessaries of life" furnished by plaintiff to the wife of Boswell at the latter's request; that at the time of making said transfers and up to the time of filing the complaint, Boswell was and is insolvent, and the "transfers were made by the defendant Boswell in contemplation of such insolvency, and with the express intention of depriving the plaintiff of recovering from defendant Boswell on account of the agreement which he proposed making with the plaintiff on said twelfth day of October, 1918."

[1] The chief question in the case is as to whether the transfer was void as to plaintiff, who was a subsequent creditor of Boswell. It is a general rule that a deed of gift is valid if the grantor was not indebted at the time he made it, or if he had other means outside of the property conveyed with which to pay his indebtedness. A man's property is his own and he has a right to give it away if he so desires, and this right cannot be questioned by other than creditors existing at the time, and not then if he has other means with which to meet his obligations. To this rule, however, there is the well-recognized exception that a deed of gift which is fraudulent in its inception and made with intent to enable the grantor to defraud a future creditor, is as to such person void. (*Bush & Mallett Co.* v. *Helbing*, 134 Cal. 676 [66 Pac. 967].) This exception is based upon the fact that if the debtor secretly and without the knowledge of one with whom he contracts an indebtedness transfers his property without consideration, knowing that the creditor in dealing with him relies upon his owner-

ship thereof, it constitutes actual fraud, and upon a showing of such facts such transfer may be annulled. On the contrary, if the deed of transfer so made is placed of record so as to constitute constructive notice, or the subsequent creditor has actual knowledge of the transfer, it cannot be said that in extending the credit he was deceived or in any way misled by the act of which he complains.

[2] Measured by the rule so stated, and disregarding objections upon the ground that the allegations hereinbefore quoted are mere conclusions, the complaint is barren of facts showing that plaintiff, when he made the contract with Boswell on October 12th, was without knowledge of the transfer so made on October 3d, or that he was induced so to do in reliance upon the fact or belief that Boswell was owner of the property. It is not alleged in the complaint that the transfer was secretly made, nor that the deed was not immediately upon its execution filed for record; nor is it alleged that plaintiff was without knowledge of the making thereof, nor that in making his contract he believed or had any reason to believe that Boswell was owner of the property. Indeed, from aught that appears to the contrary, the deed to defendant Chenie Lee Gregg was duly filed for record immediately upon its execution, of which fact and the fact of the transfer so made by Boswell, plaintiff was fully advised, and with actual knowledge thereof and knowing that Boswell, as he had a right to do, had given the property to his daughter, deliberately made the contract out of which the indebtedness arose. Hence it cannot be said that he was defrauded by the act of Boswell in giving the property to his daughter prior to the time when the indebtedness was incurred. (*Schell* v. *Gamble,* 153 Cal. 448 [95 Pac. 870]; *Marple* v. *Jackson,* 184 Cal. 411 [193 Pac. 940]; 12 R. C. L., p. 497.)

Having failed after filing three complaints in an effort to state a cause of action, it was no abuse of discretion on the part of the court to sustain the demurrer to the second amended complaint without leave to file a further complaint. Moreover, plaintiff did not apply to the court for leave to file a third amended complaint or offer any amendment covering the particulars wherein the complaint was held insufficient (*Burling* v. *Newlands,* 112 Cal. 476 [44

Pac. 810]), for the reason that presumably he could not do so.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.