[S. F. No. 10469.  In Bank.—December 15, 1924.]

## HORACE W. PHILBROOK, Administrator, etc., Appellant, v. ANNE BATES RANDALL et al., Respondents.

[1] JURISDICTION—ACCOUNTING—ESTATES OF DECEASED PERSONS—PROBATE IN ANOTHER STATE.—The superior court of California has not jurisdiction of a suit for an accounting against an executrix of the estate of a deceased person which estate is being probated in the court of another state.

[2] JUDGMENT — DECREE SETTLING ACCOUNT OF EXECUTRIX — COLLATERAL ATTACK.—A decree of a probate court of another state having jurisdiction of the estate of a deceased person is not open to collateral attack in a suit against the executrix for an accounting in this state.

[3] PLEADING — DISTRIBUTION OF ESTATE — INSUFFICIENT ALLEGATION. In a suit against the executrix of the estate of a deceased person for an accounting, an allegation that the probate court in which the estate is being probated has not at any time given nor made any order or decree of distribution of said estate nor any part thereof in favor of any person other than the plaintiff is not an allegation that a decree was made in favor of the plaintiff.

[4] ID.—RULE—DIRECT ALLEGATIONS.—In pleading, the essential facts upon which a determination of the controversy depends should be stated with clearness and precision so that nothing is left to surmise.

[5] APPEAL—PRESUMPTIONS.—An appellate court will never indulge in presumptions to defeat a judgment; on the contrary, every intend-

---

1.  See 11 R. C. L. 451.

2.  Foreign judgments *in rem*, note, 94 Am. St. Rep. 550. See, also, 15 R. C. L. 867, 914; 15 Cal. Jur. 244.

4.  See 21 R. C. L. 526; 21 Cal. Jur. 42.

5.  See 2 R. C. L. 220, 221; 2 Cal. Jur. 852.

ment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the orders and judgments of the superior court.

[6] ID.—RECORDS—MATTER STRICKEN OUT—BILLS OF EXCEPTION.—It is the duty of a litigant complaining of error committed by a trial court to produce a duly authenticated record affirmatively showing the alleged error, and if matter relied on to show error has been stricken out by the trial court he must embody it in a bill of exceptions.

[7] ID.—SPECIFYING ERROR—WAIVER.—The appellate court cannot be expected to prosecute an independent inquiry for errors upon which the appellant may possibly rely. It will notice only those assignments pointed out in the brief and all others are deemed to have been waived or abandoned. This rule, however, is subject to limitation and the court is at liberty to decide a case upon any points that its proper decision may require, whether urged by counsel or not.

[8] PLEADING — AMENDMENTS — DISCRETION — FAILURE TO APPLY FOR. It is the rule that the granting of permission to amend pleadings is a matter within the sound discretion of the trial court, and courts should allow amendment liberally, but where the record does not show that leave to amend was asked for there is no abuse of discretion nor ground for reversal, especially where the record shows that several attempts at amendment have been made.

[9] ID.—ORDER SUSTAINING DEMURRER—ABSENCE OF LEAVE TO AMEND —LACK OF ERROR—PRESUMPTIONS.—Where an order sustaining a demurrer is silent as to leave to amend, judgment may nevertheless be affirmed, nor will error be presumed when the record fails to show that leave to amend was asked for and refused.

[10] ID.—APPEAL—FAILURE TO SHOW ERROR.—An appellant is not entitled to a reversal of the judgment on the ground that he was deprived of an opportunity to amend his complaint in the absence of a showing that he asked permission to amend, that he desired to amend, or that he could have amended, especially where the record shows that he had ample opportunity to amend.

(1) 24 C. J., p. 943, sec. 2335.   (2) 34 C. J., p. 877, sec. 1286. (3) 31 Cyc., p. 72.   (4) 31 Cyc., p. 72.   (5) 4 C. J., p. 775, sec. 2722.   (6) 4 C. J., p. 243, sec. 1847, p. 553, sec. 2362.   (7) 4 C. J., p. 1068, sec. 3057.   (8) 4 C. J., p. 525, sec. 2304; 31 Cyc., p. 367. (9) 31 Cyc., p. 358.   (10) 31 Cyc., p. 753.

6.  See 2 Cal. Jur. 514.
7.  See 2 R. C. L. 131; 2 Cal. Jur. 729.
8.  See 21 R. C. L. 572; 21 Cal. Jur. 209.
9.  See 21 Cal. Jur. 119.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Horace W. Philbrook, *in pro. per.*, for Appellant.

Thomas, Beedy & Lanagan for Respondents.

LAWLOR, J.—Horace W. Philbrook, the above-named plaintiff and surviving husband of Florence E. Philbrook, has taken an appeal from a judgment following the sustaining of a demurrer to his second amended complaint. The action was originally commenced by Florence E. Philbrook and Horace W. Philbrook, as her husband, for an accounting from Anne Bates Randall of the distributive share of Florence E. Philbrook in the estate of Humphrey A. Randall, deceased, and for the recovery from the defendant United States Fidelity and Guaranty Company of the amount of its bond given to secure the faithful performance by said Anne Bates Randall of her duties as executrix of said estate of Humphrey A. Randall, deceased. On January 27, 1919, a motion was made and an affidavit filed for the continuance of the action by Horace W. Philbrook as administrator of the estate of Florence E. Philbrook and as her representative, and on January 29, 1919, the court made an order allowing the continuance of the action.

The complaint alleges that Humphrey A. Randall, a citizen of the state of Maine, died on November 18, 1914, in the town of Brunswick, in Cumberland County, state of Maine, leaving no surviving issue nor relative except the plaintiff, Florence E. Philbrook, his sister and only next of kin, who is his sole heir; that Anne Bates Randall was the wife of Humphrey A. Randall and is his widow but is not his heir, since the law of the state of Maine provides that a wife surviving her husband is not his heir; that the property of Humphrey A. Randall is his separate property; that Humphrey A. Randall on the eleventh day of June, 1914, made and executed his will in writing, signed by him and

195 Cal.—7

witnessed and subscribed in his presence by three credible witnesses, a copy of which is as follows:

"I Humphrey A. Randall of Brunswick State of Maine (Banker) make this my last Will and testament—I give devise and bequeath my Estate and Property real and Personal as follows that is to say—After paying my just debts and funeral expenses—I give devise and bequeath to my wife Anne Bates Randall all my household goods and furniture of every description—I give devise and bequeath to my cousin Mrs. Mary E. Snow of Brunswick Maine five hundred dollars ($500)—I give devise and bequeath to my Sister Mrs. Florence E. Philbrook wife of Horace W. Philbrook of San Francisco California Five thousand dollars ($5000)—Of the balance or remainder of my property both Real and Personal of which I may die possessed I give devise and bequeath to my wife Anne Bates Randall—I appoint my wife Anne Bates Randall Executor or Executrix of this my Will without giving bonds—I [n?] witness whereof I have signed sealed and published and declared this instrument as my last Will and testament at Brunswick State of Maine on June 11th 1914. Humphrey A. Randall (Seal) The said Humphrey A. Randall of Brunswick State of Maine on said June 11th, 1914 signed & sealed this instrument and published and declared the same as his last will and we at his request and in his presence and in the presence of each other have hereunto written our names as subscribing witnesses done on this day June 11th 1914 Henry C. Upton, S. Knight Jr., Geo. E. Bowker."

Other allegations in the complaint are that this will was admitted to probate and proved on January 22, 1915; that Anne Bates Randall was granted letters testamentary by the probate court of Cumberland County in the state of Maine; that she gave bond as principal and the United States Fidelity and Guaranty Company as surety in the sum of $35,000 dollars as security for the true and faithful discharge of her duties as executrix; that the letters testamentary have not been revoked and she has not been discharged from her duties; that on the death of Humphrey A. Randall the defendant Anne Bates Randall took all his household goods and furniture; that the inventory and appraisement of said estate filed by said executrix declared

that money and promissory notes secured by mortgages and corporation stocks and interest-bearing bonds amounted to $51,410 over and above the household goods and furniture and fifty-two shares of the capital stock of the Oakland Bank of Savings; that Florence E. Philbrook took out letters of administration with the will annexed in the superior court of Alameda county in the estate of Humphrey A. Randall; that the legacy of $500 was paid by Anne Bates Randall as executrix to Mary E. Snow; that on July 12, 1916, Anne Bates Randall as executrix filed in the probate court of the state of Maine an account of her administration of the estate and said account was by the court ordered settled without notice and while plaintiffs were absent from the state of Maine, as follows: That $3,004.82 was allowed Anne Bates Randall for commissions and compensation as executrix, $500 for the payment of the legacy to Mary E. Snow, and as the aggregate of various other items claimed by said Anne Bates Randall in her favor, the sum of $884.74; that no part of the $5,000 legacy has been paid or is claimed to have been paid to Florence E. Philbrook; that there remained in the hands of Anne Bates Randall property not necessary for the payment of debts and expenses of administration nor specifically bequeathed nor for the payment of any claim or of any charge against said estate; "that said probate court has not at any time given nor made any order or decree of distribution of said estate nor of any part thereof in favor of any person other than this plaintiff Florence E. Philbrook"; that the amount of the money and property of the estate fraudulently appropriated by Anne Bates Randall is not known; wherefore plaintiffs demand judgment that Anne Bates Randall account for all of Florence E. Philbrook's distributive share of the estate of Humphrey A. Randall, deceased, and all property in said estate appropriated by Anne Bates Randall and all profits and income therefrom, and that the United States Fidelity and Guaranty Company account for all the property which it has received from Anne Bates Randall and upon the bond executed as surety in the sum of $35,000.

It appears from the transcript on appeal that a general and special demurrer to "the second amended complaint" filed on October 1, 1917, was sustained by the court on

January 18, 1918. The grounds of demurrer are specified as follows:

"I. That the complaint does not state facts sufficient to constitute a cause of action against defendants, or at all. II. That the court has no jurisdiction of the subject matter of the above entitled action. III. That the court has no jurisdiction of the person of the defendant, Anne Bates Randall. IV. That there is a defect of parties defendant in the above entitled action in this: that Anne Bates Randall as executrix of the last will and testament of Humphrey A. Randall, deceased, is not joined as a party defendant therein. V. That the second amended complaint in the above entitled action is uncertain in this: (1) That it does not appear and cannot be ascertained from said complaint what portion, if any, or that any portion of the property of the estate of Humphrey A. Randall, deceased, was or is intestate property and not disposed of by the will of said decedent. (2) That it does not appear and cannot be ascertained from said complaint whether an accounting is sought from the defendant Anne Bates Randall personally or in her capacity as executrix of the will of said decedent. VI. That said complaint is ambiguous and in this behalf said defendants repeat and adopt the same specifications, and each and every one of them hereinbefore set forth under the head of uncertainty. VII. That said complaint is unintelligible and in this behalf said defendants repeat and adopt the same specifications, and each and every one of them hereinbefore set forth under the head of uncertainty."

Under the heading of "The Orders Made June 9, 1919," the transcript contains the following:

"In this action it is by the court ordered that the submission of the defendants' demurrer to plaintiffs' second amended complaint and the amendment of the complaint and the supplemental complaint and the supplemental complaint heretofore made herein, be and the same is hereby vacated and set aside and said demurrer off calendar.

"In this action the defendants' motion for order striking out that certain document entitled 'Amendment of the Complaint' filed herein on or about the 14th day of April, 1919, having been heretofore submitted to the court for consideration and decision and the court having now considered the same and being fully advised in the premises, it is ordered

that said defendants' motion be and the same is hereby granted as to the amendment to the supplemental complaint.

"In this action, it is by the court ordered that the submission of the defendants' demurrer to plaintiffs' amended and supplemental complaint heretofore made 'herein be and the same is hereby vacated and set aside and said defendants' demurrer off calendar.

"In this action the demurrer of defendants herein to plaintiffs' second amended complaint on file having been heretofore submitted to the court for consideration and decision and the court having now considered the same and being fully advised in the premises, it is ordered that said defendants' demurrer be and the same is hereby sustained.

"In this action the defendants' herein motion for order striking out that certain document entitled Amendment of the Complaint, filed herein on or about the 14th day of April, 1919, having been heretofore submitted to the court for consideration and decision, and the court having now considered the same and being fully advised in the premises, it is ordered that said defendants' motion be and the same is hereby granted."

The defendants' motion for judgment was filed on January 2, 1920, and the judgment was entered on April 9, 1920. It reads: "An order having been entered in this action on the 10th day of June, 1919, sustaining the demurrer to the amended and supplemental complaints in the above entitled action without leave on the part of plaintiff to amend said amended and supplemental complaints, and an order having also been entered striking out said amended and supplemental complaints, It is ordered and adjudged that the said action herein be and the same is hereby dismissed, and that the said defendants have and recover their costs of suit herein expended." ˑ The foregoing are the papers that are certified to by the clerk as constituting the judgment-roll.

The question presented is whether the complaint on any theory states a cause of action.

Appellant contends that this is a suit in equity to recover all the property left undisposed of by the will of Humphrey A. Randall; that it is an action at law against both defendants in trover for the conversion of property, and in contract upon the bond of Anne Bates Randall and her surety, the United States Fidelity and Guaranty Company; and that

the right and title of Florence E. Philbrook in the property
is sufficiently alleged by the allegation in paragraph VI that
$5,000 was devised and bequeathed to her as a legacy and
that the ownership of the remainder passed by inheritance
and succession to her from decedent by virtue of she being
his next of kin and sole heir.

Respondents contend that upon whichever theory the ap-
pellant seeks relief the demurrer to the second amended
complaint was properly sustained. (1) If it is sought by
the complaint to set up a cause of action for an accounting
and settlement of the estate by respondent Anne Bates Ran-
dall as executrix of the will, the superior court of this state
has no jurisdiction of the subject matter, since an action to
compel an accounting and settlement must be pursued in the
probate court of Cumberland County in the state of Maine,
and (2) if it is an attempt to state a cause of action for the
recovery of property the ownership of which is based on a
decree of distribution by the said probate court, the com-
plaint is insufficient in that it does not allege the making
of any decree of distribution by such court upon which any
action could be maintained in the superior court of Cali-
fornia.

[1] As to the first point of respondents it is plain
that the complaint does not sufficiently state a cause of
action for an accounting in the superior court of California.
It is alleged that Anne Bates Randall was appointed execu-
trix of the will in the county of Cumberland and that
Florence E. Philbrook was appointed administratrix with
the will annexed in the superior court of Alameda County.
According to these allegations of the complaint the only
person over whom the superior court of Alameda County
could have had jurisdiction to compel an accounting was
Florence E. Philbrook. The court having jurisdiction over
the administration of the estate and the executrix is the
probate court of Cumberland County and such court is
therefore the proper forum in which to seek an accounting
and settlement of the estate of deceased. (*Nickals* v. *Stan-
ley*, 146 Cal. 724 [81 Pac. 117]; *Cook* v. *Ceas*, 143 Cal. 221
[77 Pac. 65]; *Toland* v. *Earl*, 129 Cal. 148 [79 Am. St. Rep.
100, 61 Pac. 914].) [2] The superior court of Alameda
County being without jurisdiction to compel an accounting,
it is not necessary to pass on respondents' contention that

the complaint is ambiguous, and for that reason demurrable, in that it seeks an accounting from Anne Bates Randall in her individual capacity, for if the complaint be regarded as attempting to state a cause of action against her in her individual capacity, the settlement of her account in the probate court of Maine having jurisdiction of the estate would be conclusive, at least in this collateral action. (*Estate of Fernandez,* 119 Cal. 579, 582 [51 Pac. 851].) It was said in *Washington* v. *Black,* 83 Cal. 290 [23 Pac. 300]: ''The learned counsel for plaintiff lays some stress on the fact that the executrix in this case was guilty of a *devastavit* by her neglect to account, for which she is personally bound. This may be conceded, yet it does not change the result. The question is, By what mode of procedure is such personal obligation to be enforced? And that, as pointed out above, is to be enforced by a resort to the court which settled the account.'' (See, also, *King* v. *Chase,* 159 Cal. 420 [115 Pac. 207].)

The demurrer was properly sustained on the ground that the complaint did not show that the superior court of Alameda County had jurisdiction to compel the executrix, Anne Bates Randall, to render an account and settlement of the estate of Humphrey A. Randall, deceased, and it failed to state a cause of action against her in her individual capacity.

[3] As to respondents' second point that the complaint is demurrable on the ground that it does not directly allege the making of a decree of distribution by the probate court of Maine in favor of Florence E. Philbrook, appellant contends that the right and title in the property is sufficiently alleged. The allegation relied upon to state a cause of action based upon a decree of distribution is as follows: ''That said probate court has not at any time given nor made any order or decree of distribution of said estate nor of any part thereof in favor of any person other than this plaintiff Florence E. Philbrook.'' This is not at all an allegation that a decree was made in favor of Florence E. Philbrook. (Sec. 456, Code Civ. Proc.; *Weller* v. *Dickinson,* 93 Cal. 108 [28 Pac. 854].) It is not the direct allegation of a material fact (*Denver* v. *Burton,* 28 Cal. 549). [4] In pleading, the essential facts upon which a determination of the controversy depend should be stated with clearness and precision so that nothing is left to surmise (*Gates* v. *Lane,* 44 Cal.

392). Respondents concede that if there is in existence a decree in the probate court of Maine distributing the residue of the estate of Humphrey A. Randall to Florence E. Philbrook, appellant would have a good cause of action. It is pointed out by respondents that in the case of *Philbrook* v. *Randall*, 114 Me. 397 [96 Atl. 725], decided by the supreme judicial court of Maine, it was held that the residuary clause in the will which appellant contends is invalid because of uncertainty, is sufficient to make the widow, Anne Bates Randall, the residuary devisee and legatee. This being so, and the decision not having been reversed, it is apparent that the probate court of Maine would not have made an order distributing the residue of the estate of Humphrey A. Randall to Florence E. Philbrook, contrary to the determination of the supreme judicial court of that state with regard to the intention of the testator as expressed in the residuary clause of his will.

It appears in the petition for hearing in this court that the point was made that although the pleading was defective in not directly alleging that a decree of distribution was "duly given or made," the defect was one that could be remedied, and while the demurrer was properly sustained the appellant should have been given leave to amend the pleading. Appellant has at no time complained that he was prejudiced by the action of the court in failing to give permission to amend. His principal contentions on appeal are addressed to the merits of the controversy.

[5] An appellate court will never indulge in presumptions to defeat a judgment (*Ohleyer* v. *Bunce*, 65 Cal. 544 [4 Pac. 549]). On the contrary, every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the orders and judgments of superior courts. (*Bacon* v. *Grosse*, 165 Cal. 481 [132 Pac. 1027]; *Estate of Kilborn*, 158 Cal. 593 [112 Pac. 52].) [6] It is the duty of a litigant complaining of errors committed by a trial court to produce a duly authenticated record affirmatively showing the alleged error, and if matter relied on to show error has been stricken out by the trial court he must embody it in a bill of exceptions. [7] Furthermore, the appellate court cannot be expected to prosecute an independent inquiry for errors upon which the appellant may possibly be relying. It will notice only

those assignments pointed out in the brief and all others are deemed to have been waived or abandoned. However, this rule is subject to limitation and the court is at liberty to decide a case upon any points that its proper decision may require, whether urged by counsel or not. (*Hibernia Sav. & Loan Soc.* v. *Farnham,* 153 Cal. 578 [126 Am. St. Rep. 129, 96 Pac. 9] ; 2 Cal. Jur. 729.)

[8] It is the rule that the granting of permission to amend pleadings is a matter within the sound discretion of the trial court (*Doolittle* v. *McConnell,* 178 Cal. 697 [174 Pac. 305]), and courts should allow amendment liberally (*Gould* v. *Stafford,* 101 Cal. 32 [35 Pac. 429] ; *San Joaquin Valley Bank* v. *Gate City Oil Co.,* 170 Cal. 250 [149 Pac. 557]), but where the record does not show that leave to amend was asked for (*Butler* v. *Burt,* 6 Cal. Unrep. 917 [68 Pac. 973] ; *Duvall* v. *White,* 46 Cal. App. 305 [189 Pac. 324]), there is no abuse of discretion, nor ground for reversal, especially where the record shows that several attempts at amendment have been made (*Smith* v. *Ferries & C. H. R. Co.,* 5 Cal. Unrep. 889 [51 Pac. 710] ; *Goebel* v. *Gregg,* 57 Cal. App. 651 [207 Pac. 917]). [9] Where an order sustaining a demurrer is silent as to leave to amend judgment may nevertheless be affirmed (*Kydd* v. *San Francisco,* 37 Cal. App. 598 [174 Pac. 88]), nor will error be presumed when the record fails to show that leave to amend was asked for and refused (*Aalwyn* v. *Cobe,* 168 Cal. 165 [142 Pac. 79]).

The record shows that appellant attempted at least three times to amend his pleading. A demurrer to his second amended complaint was sustained on January 18, 1918. On or about April 14, 1919, an "amendment of the complaint" was filed which, on June 9, 1919, was ordered stricken out on the motion of the respondents, as was also an amendment to the "supplemental complaint." On the same day, June 9, 1919, after the submission was vacated as to the second amended complaint, the amendment of the complaint and the supplemental complaint, respondents' demurrer was resubmitted as to the second amended complaint (the amendment of the complaint and the supplemental complaint having been stricken from the files) and again sustained. This was approximately five months after the demurrer was sustained the first time. The documents designated as the

"amendment of the complaint" and the "amendment of the supplemental complaint," having been stricken from the files, are not contained in the transcript on appeal, and appellant, since he did not prepare a bill of exceptions, is apparently not relying upon them to show error. It does not appear that these pleadings represent any attempt on appellant's part to amend the second amended complaint to meet the deficiencies pointed out by the demurrer to it. Furthermore, the motion for judgment was interposed more than six months after the order sustaining the demurrer was made and three months elapsed before judgment was finally entered. **[10]** In the first place, according to the authorities above cited, appellant is not entitled to a reversal on the ground that he was deprived of an opportunity to amend in the absence of a showing that he asked permission to amend, that he desired to amend, or that he could have amended, and, in the second place, assuming that the intention to amend was made to appear and that permission was refused, the record, nevertheless, shows that appellant had sufficient opportunity to amend. The second amended complaint indicates that the pleader had made at least three attempts to state a cause of action. It does not appear that the "amended complaint" and the supplemental complaint and an amendment thereto represent an attempt to amend and the long period of time which elapsed between the sustaining of the demurrer and the entry of judgment gave appellant sufficient opportunity to apply to the court for leave to make an amendment. As appears above, it was not until January 2, 1920, that the motion for judgment was made by respondents. Respondents suggest that in view of the construction of the will in *Philbrook* v. *Randall, supra,* that the entire residue of the estate went to the widow, Anne Bates Randall, the appellant could not have amended the complaint so as to allege all the essentials of a decree of distribution to Florence E. Philbrook. Appellant's argument on this point seems to be that although the supreme judicial court of Maine possesses a special jurisdiction to determine the construction of wills, there is no ambiguity in the language of the will in question and any construction thereof by such court is academic and not binding upon the courts of this state. Respondents point out that appellant himself sought and obtained the determination of the court

in the state of Maine as to the proper interpretation of the residuary clause of the will. It is not necessary to decide whether this court is bound by such determination, as it comes to the notice of this court that in the *Estate of Randall,* 194 Cal. 725 [230 Pac. 445], the supreme court, in affirming the decrees of the superior court in probate settling a final account of Anne Bates Randall as executrix and ordering final distribution of said estate of Humphrey A. Randall, reached the same conclusion as to the construction of the will as that announced by the supreme judicial court of the state of Maine. We do not think the appellant was deprived of an opportunity to amend the second amended complaint.

The demurrer having been properly sustained the judgment appealed from is affirmed.

It appearing in *Estate of Randall, supra,* that Horace W. Philbrook, appellant, has since the submission of the cause departed this life, it is ordered that this judgment of affirmance be entered *nunc pro tunc* as of the date of submission—August 13, 1924.

Richards, J., Lennon, J., Waste, J., Seawell, J., Shenk, J., and Myers, C. J., concurred.