[*Civ. No. 2372. Third Appellate District.—November 16, 1921.*]

## J. W. PHILLIPS et al., Respondents, v. JOHN H. WHEELER et al., Appellants.

[1] APPEAL — ORDER GRANTING NEW TRIAL — RECORD — SEARCH FOR ERRORS.—It is not the duty of an appellate court to initiate and prosecute a search through the record of a case to find whether errors of law of sufficient gravity to justify a new trial or a reversal were committed by the trial court either in its instructions or rulings upon the evidence.

[2] ID.—VACATION OF SUBMISSION—SHOWING OF ERROR.—Where on an appeal from an order granting a new trial it appears from the record that there are only two grounds of the several upon which a new trial can be granted which can be considered, namely, that the verdict is against law and error in law occurring at the trial and neither counsel in their briefs discuss either of such grounds, and there is no oral argument, a reversal of the order is justified, but in view of the fact that it is the duty of the appellate court to assume that the trial court had some substantial legal reason for granting the motion, the submission will be set aside and the respondent given an opportunity to show justification for the order.

APPEAL from an order of the Superior Court of Sacramento County granting a new trial. Charles O. Busick, Judge. Submission vacated and leave given to file supplemental briefs.

The facts are stated in the opinion of the court.

W. H. Hatfield, V. L. Hatfield and P. H. Johnson for Appellants.

Frank L. Gafney, H. T. Hiatt and C. B. Harris for Respondents.

THE COURT.—This is an appeal from an order granting a motion by the plaintiffs for a new trial. The motion was based upon all the statutory grounds (see sec. 657, Code Civ. Proc.), and the order granting it was in general language or silent as to the particular ground or grounds upon which it was predicated. There was no showing, by affidavits or otherwise, in support of any of the grounds enumerated in the first, second, third, and fourth subdivisions of section 657, such a showing being required by section 658 of the Code of Civil Procedure. The action was for damages for personal injuries, and, the verdict being for defendants, no question of excessive damages, etc. (subd. 5, sec. 657), is involved herein, and it is obvious, therefore, that the order appealed from was not based upon that ground. The question as to the sufficiency of the evidence to support the verdict is eliminated from consideration here, since the order granting the new trial does not state that it was made on that ground, the presumption in such case being, under said section 657, as amended by the legislature of 1919 (Stats. 1919, pp. 141, 142), that the order was not made upon that ground. It results that there are left but two of the several causes for which an order granting a new trial may be granted upon which the order could have been made, and they are: 1. That the verdict "is against law" (subd. 6) ; 2. "Error in law, occurring at the trial and excepted to by the party making the application" (subd. 7). But, as to these grounds, neither counsel for respondents nor counsel for appellants have a word to say in their briefs. In fact, the brief of counsel for respondents is devoted entirely to a discussion of the question of the discretion of a trial court in the matter of granting the motion on the ground of the insufficiency of the evidence to support the verdict, while those of appellants involve merely a reply thereto and also the contention that the duty is not upon them to show that the court did not err in any of its rulings or instructions. There was no oral argument of the cause, it having been submitted upon the briefs on file.

[1] It is not the duty of an appellate court to initiate and prosecute a search through the record of a case to find whether errors of law of sufficient gravity to justify a new trial or a reversal were committed by the trial court either

in its instructions or rulings upon the evidence. This is plainly a burden which belongs to and must be shouldered by the attorneys. [2] In this case, since, on the record as made, there are only two grounds of the several upon which a new trial may be granted which can be considered, namely, that the verdict is against law and error in law occurring at the trial, it would seem that the duty of pointing out wherein the verdict is against law or that errors were committed during the trial is upon the respondents. Unquestionably, on a motion for a new trial, where those two grounds (or either of them)· are relied on, it is incumbent upon the party asking a trial *de novo* to point out to the trial court the particular errors claimed, in which case the record on appeal would presumably be as it was made below and thus the appellate court advised of the particular errors assigned as justifying the granting of the motion and the affirmance of the order. But however this all may be, it is clear that as the cause now stands submitted a reversal of the order would be justified. Inasmuch, however, as we conceive it our duty to assume that the trial court had some substantial· legal reason for granting the motion, we feel reluctant about ordering a reversal without giving the attorneys for the respondents an opportunity to point out, if they can, any errors affecting their vital rights in the trial which occurred during the course thereof. Accordingly, the submission of this case for decision is hereby vacated and set aside, and the respondents are allowed ten days from the date of the notice of this order within which to file a supplemental brief, in typewritten in lieu of a printed form, if they so elect, covering the points hereinabove indicated, and the appellants a like period of time from the date of the service upon them of the said supplemental brief of respondents to file a reply thereto in typewritten form, if they so elect in preference over a printed brief.