[S. F. No. 10966.   In Bank.—November 5, 1924.]

## In the Matter of the Estate of HUMPHREY A. RANDALL, Deceased.

[1] APPEAL—PRESENTATION OF POINTS—DUTY OF COUNSEL TO SHOW ERROR.—Appellate courts cannot be expected to assume the task of searching the record for the purpose of discovering errors not pointed out by counsel, it being the duty of counsel by argument and the citation of authorities to show that the claimed error exists.

[2] ID. — ABSENCE OF ARGUMENT OR CITATION OF AUTHORITIES — ABANDONMENT OF POINTS. — Contentions supported neither by argument nor by citation of authority are deemed to be without foundation, and to have been abandoned.

[3] ESTATES OF DECEASED PERSONS — ACCOUNTS — DISTRIBUTION — NOTICE—PLACE OF HEARING—JURISDICTION.—Notice of the settlement of an executrix's final account and of the hearing of her petition for final distribution having been properly given, and proof thereof having been satisfactorily made, the fact that the hearing was held in the courtroom of a department other than that designated in the notice before the judge regularly assigned to the former department, but who sat and presided on such occasion as judge of the department designated in said notice, did not deprive the court of jurisdiction to proceed with the hearing, there being no requirement in the statute that the notice of hearing should specify the courtroom in which the matter will be heard.

[4] ID. — PLACE OF HEARING — NOTICE — IRREGULARITY — ABSENCE OF PREJUDICE—EVIDENCE.—Conceding that if a party entitled to and desirous of participating in such a hearing should be misled by such a notice to the extent that he was thereby prevented from attending the hearing, it might constitute an error or irregularity justifying a reversal of the decree of settlement of the account and ordering distribution, the appellants from such a decree were in nowise prejudiced by such irregularity, if such it may be termed, where they actually attended the hearing and actively participated therein, without making any objection either to the circumstance that the hearing was held in a courtroom other than that designated in the notice, or that the proceeding was presided over by a judge not regularly assigned to that department.

[5] ID. — SETTLEMENT OF ACCOUNT — DISTRIBUTION—APPEAL—OBJECTIONS — ORDER STRIKING OUT PORTIONS — EVIDENCE. — On these

3. Notice of distribution in probate proceedings as jurisdictional, note, 37 L. R. A. (N. S.) 368. See, also, 12 Cal. Jur. 40; 11 R. C. L. 185.

appeals from decrees settling the final account of an executrix and ordering final distribution of an estate, the contention of appellants that further probate administration in such estate by said executrix was precluded by the previous filing in said estate of an alleged final account by an administratrix with the will annexed cannot be sustained where the record shows that the account referred to was unmistakably a first account current, and that said administratrix with the will annexed was first appointed as such, and thereafter the court revoked her letters of administration and appointed said executrix.

[6] ID.—ALLEGED DENIAL OF HEARING—EVIDENCE—APPEAL.—On such appeals, appellants' point that they were denied a hearing or a right of hearing in the lower court cannot be upheld where they have made no pretense of pointing out anything in the record which indicates or tends to indicate that they were denied any hearing or right of hearing at any time or in any respect, and where the record shows affirmatively that there was a hearing had pursuant to due notice, and that appellants appeared thereat and actively participated therein.

[7] ID.—OBJECTIONS TO ACCOUNT—IRRELEVANCY OF—ORDER STRIKING OUT PORTIONS—PROPRIETY OF.—The probate court was justified in striking from appellants' objections to the final account of the executrix certain portions thereof, where all of such portions were irrelevant to the question of the settlement of such final account, and some of the portions thereof in addition to being irrelevant were scandalous, abusive, disrespectful, and contemptuous.

[8] ID.—OBJECTIONS TO PETITION FOR DISTRIBUTION—EFFECT OF ORDER STRIKING OBJECTIONS TO ACCOUNT UPON — EVIDENCE. — On such appeals, the record having shown that the motion to strike was directed solely at the "Objections and Statements Contesting the Final Account," and the order of the probate court having been: "there is hereby stricken from said 'Objections and Statements Contesting the Final Account of said Anne Bates Randall as Executrix of the Will of said Decedent' those portions thereof . . . ," and the objectors having, in their answer to the petition for distribution, adopted and made a part thereof the objections to the final account, which were stricken out by the court, the order striking out such portion of their objections to the settlement of the account did not have the effect of striking it out from their answer to the petition for distribution, and such objectors were not thus deprived of an opportunity to offer proof of their allegations contained in such answer.

[9] ID.—CLAIM OF ERROR—APPEAL—RECORDS.—On such appeals, there having been no showing in the record that appellants offered any evidence to prove the allegations of their answer, or that the court excluded any such evidence, it was incumbent upon appellants

to show error of the court below, and in the absence of any such showing it must be assumed either that appellants offered no such evidence, or that if they did so offer it the same was received and considered by the court.

[10] ID.—PERSONAL PROPERTY—VALIDITY OF WILL—COURTS—JURISDICTION.—Notwithstanding the provisions of section 1376 of the Civil Code, the general rule, subject to certain recognized limitations, that "The courts of testator's domicile are ordinarily the proper tribunals to determine a contest over the construction or validity of a will relating to personal property and their decisions are binding upon the parties to the suit with respect to all personal property wherever located," has been recognized and followed by the courts of this state.

[11] ID. — CONSTRUCTION OF WILL — APPEAL. — On such appeals, it is concluded that the trial court correctly determined and decided that the testator's intent as evidenced by the terms of his will was to devise and bequeath the entire residue of his estate to his widow.

[12] ID. — EVIDENCE — BILL OF EXCEPTIONS—APPEAL—FINDINGS.—On such appeals, the bill of exceptions having contained no portion of the evidence received or the evidence offered and having shown none of the rulings of the court upon the admission of evidence, it must be concluded that the evidence fully sustains the findings and that the trial court committed no error in receiving the same.

[13] APPEAL—DEATH OF APPELLANT SINCE SUBMISSION—JUDGMENT—NUNC PRO TUNC ORDER.—Where an appellant has died since the submission of the cause on appeal, the judgment on appeal may be ordered filed nunc pro tunc as of the date of the submission.

(1) 3 C. J., pp. 1412, 1413, sec. 1588; p. 1428, sec. 1591; p. 1431, sec. 1593. (2) 3 C. J., p. 1431, sec. 1593. (3) 24 C. J., p. 1011, sec. 2457 (1926 Anno.). (4) 24 C. J., p. 1011, sec. 2457; p. 1052, sec. 2525 (1926 Anno.). (5) 24 C. J., p. 1033, sec. 2489 (1926 Anno.). (6) 24 C. J., p. 1048, sec. 2517. (7) 24 C. J., p. 1010, sec. 2453 (1926 Anno.). (8) 24 C. J., p. 1010, sec. 2453 (1926 Anno.). (9) 24 C. J., p. 1050, sec. 2519. (10) 40 Cyc., pp. 1074, 1845. (11) 40 Cyc., p. 1863. (12) 40 Cyc., p. 1049. (13) 1 C. J., p. 170, sec. 289.

APPEALS from decrees of the Superior Court of Alameda County settling a final account and ordering final distribution. Joseph S. Koford, Judge. Affirmed.

The facts are stated in the opinion of the court.

Horace W. Philbrook for Appellants.

Fitzgerald, Abbott & Beardsley for Respondent.

MYERS, C. J.—These appeals are from decrees of the superior court in probate settling a final account of Anne Bates Randall as executrix, and ordering final distribution of said estate. The record upon appeal is presented in a printed transcript which includes a bill of exceptions and in addition thereto copies of various documents which were filed in the court below in the course of administration of said estate. Some of these documents were properly included in the transcript as forming part of what may properly be deemed the judgment-roll for the purposes of a record upon appeal in a probate proceeding. Others of them have no proper place in the transcript and should not have been included therein. As to one of these in particular, which occupies one hundred pages of the printed transcript, no possible justification or excuse for its inclusion therein is apparent.

Appellants' first point upon appeal is presented in their brief in the following manner:

"One of the grounds, sufficient of itself to render invalid and void both of the decrees appealed from, is the plainly appearing failure to give notice to the world at large, prescribed by sections 1633 and 1634 of the Code of Civil Procedure of California.

"All that failure to give such requisite jurisdictional notice, so plainly appears in the record, that the writer hereof cannot think it of any actual importance further to point it out here. But we here particularly call attention to the language of the bill of exceptions on folios 527 to 533 of the transcript, and also to folios 534 to 538, inclusive."

Nothing further by way of explanation or elucidation of this point is to be found in their brief. We would be entirely justified, therefore, in passing it without further consideration. [1] Appellate courts cannot be expected to assume the task of searching the record for the purpose of discovering errors not pointed out by counsel. It is the duty of counsel by argument and the citation of authorities to show that the claimed error exists. [2] "Contentions supported neither by argument nor by citation of authority are

deemed to be without foundation, and to have been abandoned." (2 Cal. Jur., p. 732.) We have, however, examined the record herein and find therefrom that a day for the settlement of said account was duly appointed and notices of the hearing thereof posted by the clerk in full compliance with all of the requirements of sections 1633 and 1634 of the Code of Civil Procedure; that affidavit of such posting was duly made and filed by the clerk; that upon the hearing the notice and proof of service thereof were duly received in evidence without any objection being made by appellants, and that the trial court found in accordance with said evidence and recited in its decree: "Proof having been made to the satisfaction of the court that notice of the settlement ' of said account and of the hearing of said petition for final distribution had been duly given in the manner and for the time required by law: . . . " Further examining the portion of the transcript referred to we observe that the notice of hearing designated "the courtroom of department number 4 of the above-entitled court in the courthouse in the city of Oakland in said county" as the place of hearing. The hearing was in fact held in the courtroom of department 8 of said court in said courthouse before the judge regularly assigned to department 8, but who sat and presided on this occasion as judge of department 4 of said court. The two courtrooms were on different floors of said courthouse. We are thus permitted to guess, although they have not so stated, that appellants are of the opinion that these circumstances operated to deprive the court of jurisdiction to proceed with the hearing. [3] If this be appellants' contention, we are satisfied it possesses no merit. The statute does not require the notice of hearing to specify the courtroom in which it will be heard. (Code Civ. Proc., secs. 1633, 1634.) [4] It may be conceded, however, that if a party entitled to and desirous of participating in such a hearing should be misled by such a notice to the extent that he was thereby prevented from attending the hearing, it might constitute an error or irregularity justifying a reversal of the decree, but no such situation obtains here. It affirmatively appears from the record herein that the appellants did actually attend the hearing and actively participated therein, without making any objection either to the circumstance that the hearing was held in a courtroom other

than that designated in the notice, or that the proceeding
was presided over by a judge not regularly assigned to that
department. It thus affirmatively appears that appellants
were in nowise prejudiced by this irregularity, if such it
may be termed.

[5]   Appellants' second point is thus stated in their brief:
"Another ground of the absence of jurisdiction of the sub-
ject matter by the court below, is the limited scope of the
probate jurisdiction of the subject matter, and the fact that
the account of Florence E. Philbrook as administratrix with
the will annexed, filed Feb. 23, 1916 (Trans., pp. 168–175),
was the final account of that entire administration; . . .
showing, that in the said administration of said estate, a
stage had been reached as early as March 6, 1916, preclud-
ing any further probate administration therein by the said
Anne Bates Randall. . . . "

A reference to the account referred to in the transcript
discloses that it is not and does not purport to be a final
account, but is clearly and unmistakably a first account cur-
rent. It further appears from the transcript herein that
Mrs. Philbrook was first appointed administratrix with the
will annexed of this estate, and thereafter the court revoked
her letters of administration and appointed Mrs. Anne Bates
Randall executrix thereof. This was done in April, 1917,
so that it affirmatively appears from the record that there is
no basis for the contention that the administration of this
estate was closed in March, 1916. Appellants insist that we
must take judicial notice of the records of this court in the
matter of other appeals which have been before this court in
connection with the administration of this estate. If we
could properly do so the information thus obtained would
serve but to confirm what is here stated. (*Estate of Ran-
dall,* 177 Cal. 363 [170 Pac. 835]; 188 Cal. 329 [205 Pac.
118].)

[6]   Appellants' next point is thus stated in their brief:
"The wrongful denial by the court below to these appellants
of all and of any and every hearing and right of a hearing."
Under this heading appellants make no pretense of pointing
out anything in the record which indicates or tends to in-
dicate that they were denied any hearing or right of hearing
at any time or in any respect. The record shows affirma-
tively that there was a hearing had pursuant to due notice,

and that appellants appeared thereat and actively partici-
pated therein.

[7] Appellants next complain of the action of the trial
court in striking out a portion of one of their pleadings
herein. They filed in the court below a document entitled:
"Objections and Statements Contesting the Final Account
of Anne Bates Randall as Executrix of the Will of said
Decedent." At the hearing respondents moved to strike out
portions thereof, which motion was by the court granted in
part. The motion was made upon the ground, among others,
that the specified parts of appellants' objections were sham
and irrelevant, scandalous, abusive, disrespectful, and con-
temptuous. It should suffice to say that all of the portions
which the record shows to have been stricken out were
wholly irrelevant to the question of the settlement of the
final account of the executrix. Some portions thereof in
addition to being irrelevant were scandalous, abusive, dis-
respectful and contemptuous. The court might have been
justified in striking out the entire pleading because of the
inclusion therein of such scandalous and irrelevant matter,
but it did not do so. The portion so stricken out alleged
that the testator was during his entire lifetime and at his
death domiciled in the state of Maine. It purported to
enumerate his next of kin and their relationship to him. It
alleged the substance and effect of the laws of Maine as to
property rights between husband and wife, as to heirship,
succession, the law of wills, the probate thereof, and the
effect of judgments in probate. It alleged some of the pro-
visions of the will of the testator herein and alleged that by
reason thereof and of the provision of the laws of Maine,
Florence E. Philbrook became the owner of all the estate
and property left by the said testator except two specific
legacies given by his said will. These allegations might have
been relevant in an answer or opposition to the petition for
distribution, but we are unable to conceive of any relevancy
thereof to the matter of the settlement of the account of
the executrix, nor have appellants pointed out any such
relevancy in their brief. The scandalous and abusive mat-
ter contained therein has no possible relevancy even to the
petition for distribution.

[8] In addition to the objections to the final account
above referred to, appellants filed in the court below a gen-

eral demurrer to respondent's petition for distribution and also an "Answer, Counter-Claim and Cross Petition" thereto. In the latter document they allege: "These said defendants, for their denial of any right of said Anne Bates Randall to the whole or any part of the property claimed by her by her said petition, and for stating their own title and right to all the said property, here adopt and make a part hereof section 2 of their said objections hereto annexed." Section 2 of said objections was the portion thereof stricken out by order of the court. It seems to be appellants' theory that the order striking out this portion of their objections to the settlement of the account had also the effect of striking it out from their answer to the petition for distribution, and thus deprived them of an opportunity to offer proof of those allegations. We find nothing in the record indicating that it was intended to have this effect. The motion to strike was directed solely at the "Objections and Statements Contesting the Final Account." The order of the court was that, "there is hereby stricken from said 'Objections and Statements Contesting the Final Account of said Anne Bates Randall as Executrix of the Will of said Decedent' those portions thereof. . . . " [9] There is no showing in the record that appellants offered any evidence to prove those allegations, or that the court excluded any such evidence. It is incumbent upon appellants to show error of the court below, and in the absence of any such showing we must assume either that appellants offered no such evidence or that if they did so offer it the same was received and considered by the court.

Appellants seemingly feel that they have been wronged because of the fact that the trial court in construing the will herein adopted the same construction which had been placed thereon by the supreme judicial court of the state of Maine, the place of the testator's domicile. (*Philbrook* v. *Randall*, 114 Me. 397 [96 Atl. 725].) Appellants assert that "it is the settled law that, in every such case, no judgment or decree of the state of Maine, construing or interpreting the will, or any part thereof, can lawfully be given or allowed any, even the least, effect." The cases cited by them do not support this assertion. The property involved in the ancillary administration in California of this estate is all personal property. [10] Mr. Wharton in his Conflict of Laws (3d

ed., p. 1357, sec. 599b), says: " . . . The courts of testator's domicile are ordinarily the proper tribunals to determine a contest over the construction or validity of a will relating to personal property and their decisions are binding upon the parties to the suit with respect to all personal property wherever located. . . . " This general rule, subject to certain recognized limitations, has been recognized and followed by the courts of this state notwithstanding the provisions of section 1376 of our Civil Code. (*Estate of Apple,* 66 Cal. 432, 436 [6 Pac. 7]; *Whitney* v. *Dodge,* 105 Cal. 192, 196 [38 Pac. 626]; *Estate of Lathrop,* 165 Cal. 243, 247 [131 Pac. 752].) We do not find it necessary to determine whether, under the circumstances here obtaining, the decision of the court of Maine is to be regarded as binding upon the courts of this state in respect of the construction of the will. If we assume that the decision of that court is nowise binding upon us as to the property situate within this state it follows that the question is left open for our determination unhampered thereby. **[11]** So assuming herein, we find ourselves entirely satisfied with the reasoning and conclusion of that court in that decision, and we conclude, for the reasons there expressed without repeating them here, that the trial court correctly determined and decided that the testator's intent as evidenced by the terms of his will was to devise and bequeath the entire residue of his estate to his widow.

**[12]** The bill of exceptions herein contains no portion of the evidence received or the evidence offered and shows none of the rulings of the court upon the admission of evidence. We must conclude, therefore, that the evidence fully sustains the findings and that the court committed no error in receiving the same. We find no error in the record, and the decrees appealed from are, therefore, affirmed.

**[13]** It having come to the attention of the court that Horace W. Philbrook, one of the appellants herein, has died since the submission of this cause for decision, it is ordered that this judgment be filed *nunc pro tunc* as of the date of submission, to wit, October 7, 1924. (2 Cal. Jur., p. 974.)

Lawlor, J., Shenk, J., Waste, J., Lennon, J., and Seawell, J., concurred.