[Civ. No. 5037. First Appellate District, Division Two.—December 30, 1924.]

## A. TURGEON, Respondent, v. F. E. BARNEY, Appellant.

[1] Negligence—Repair of Automobile—Damages—Findings.—In an action for damages for the alleged failure on the part of defendant to use due care in the repair of plaintiff's automobile, the mere fact that a finding of fact on the issue of the money value of the damage suffered by the plaintiff is found in the conclusion of law is not a ground for the reversal of the judgment in favor of plaintiff.

[2] Id.—Appeal upon Judgment-roll—Findings—Presumption.—In such action, where the appeal is on the judgment-roll alone, and the defendant is contending that the trial court should have made more complete findings, it must be presumed, in the absence of a showing to the contrary, that the trial court found in accordance

with the evidence that was before it, and that if more complete findings had been made they would have been adverse to the contentions of the defendant.

[3] APPEAL—INJURY FROM ERROR.—When an appeal is prosecuted on the ground that the trial court has made some error it is essential that the appellant point out to the appellate court that he was prejudiced to his injury by the claimed error.

[4] NEGLIGENCE — FINDINGS—APPEAL.—Where findings on particular items, if made, would have been adverse to appellant's (defendant's) contentions, the failure to find on the items is not a ground for reversal.

---

(1) 38 Cyc., p. 1964, n. 80.   (2) 4 C. J., p. 777, n. 69.   (3) 4 C. J., p. 912, n. 77, p. 1068, n. 16.   (4) 4 C. J., p. 1060, n. 12.

APPEAL from a judgment of the Superior Court of Santa Clara County.   F. B. Brown, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Fitzgerald & Johnson for Appellant.

E. L. Nicholson for Respondent.

NOURSE, J.—Plaintiff sued for damages for the alleged failure on the part of the defendant to use due care in the repair of an automobile.   He recovered judgment in the sum of $363.00, and from this judgment the defendant has appealed upon the judgment-roll alone.

The points urged on the appeal are that the findings of fact are insufficient to justify the conclusions of law and judgment, and that the trial court omitted to find upon material issues.   Paragraph 2 of the complaint alleged that the defendant undertook to use due care and skill in repairing the automobile.   Paragraph 3 alleged that he did not use due care and skill, but, on the contrary, did his work in a careless and unworkmanlike manner and placed defective parts therein, to wit: worn gears which broke and were rendered useless within a period of two weeks thereafter. The remaining paragraphs of the complaint set out specific items of damage resulting from the alleged carelessness and the unworkmanlike manner in which the repairs were made. The answer denied all the allegations of the complaint, including the allegation that the defendant conducted a shop

of any kind for the repair of automobiles at the time the alleged automobile was left with him for the purpose of repair, and that he then and there or at any other time undertook to use due care or skill or any care or skill in the repairing of said automobile.

The cause was tried before the court without a jury, and the trial court found in accordance with the allegations of the complaint that the defendant did conduct a shop for the general repair of automobiles, and on the day alleged he received an automobile from plaintiff to be overhauled and repaired, and that at that time he undertook to repair said automobile and to use due care and skill on the same; that he did not use due care and skill and did his work in a careless manner so that plaintiff received no benefit for the work done by the defendant and was compelled to have the said work redone. The trial court further found that as a result of the negligent work done by the defendant the plaintiff had been deprived of the use and benefit of said automobile and had sustained damage thereby. As a conclusion of law it was then found that plaintiff was entitled to the sum of $363.00.

[1] If we understand appellant's point correctly, it seems to be that the findings are insufficient because there is no finding of fact on the money value of the damage suffered by the respondent, but that the finding on this issue is found in the conclusion of law. "The mere fact that one finding was placed under the wrong heading would be a very feeble reason for the reversal of a judgment." (*Burton* v. *Burton*, 79 Cal. 490, 495 [21 Pac. 847].)

[2] The other point raised by the appellant is that the trial court failed to find on the specific allegations relating to the placing of worn gears in the automobile, and that said gears broke or were rendered useless, and upon the specific allegation of the money value of the alleged damage arising through the particular items which the respondent was required to pay out as the result of the appellant's alleged carelessness. The appellant has prosecuted this appeal upon the judgment-roll alone. He has not, therefore, given us the benefit of any of the evidence which was before the trial court. We may, therefore, fairly assume that this evidence would be adverse to him upon the points urged because if it had been favorable he would have placed the facts be-

fore this court so that we would have been in a position to make an intelligent review of the issues involved. In the absence of a showing to the contrary, we must presume, therefore, that the trial court found in accordance with the evidence that was before it, and that if more complete findings had been made they would have been adverse to the contentions of the appellant.

[3] When an appeal is prosecuted on the ground that the trial court has made some error it is essential that the appellant point out to the appellate court that he was prejudiced to his injury by the claimed error. All that is said on this appeal is that the trial court failed to find this and that. It is not claimed that the judgment was excessive or unsupported by the finding of general damages. [4] So far as appears from anything in the record before us, if findings were made upon the particular items stressed by the appellant, such findings would have been adverse to his contentions and a failure to find thereon is not, therefore, a ground for reversal. (*Hulen* v. *Stuart,* 191 Cal. 562 [217 Pac. 750, 754].)

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.