[Civ. No. 17862.   Second Dist., Div. Two.   Oct. 2, 1950.]

ROY FOX, Respondent, v. C. N. ERICKSON, Appellant.

Max Tendler and Olin N. MacKay for Appellant.

Walter C. Harbert for Respondent.

WILSON, J.—Action on a contract wherein defendant agreed to pay plaintiff the sum of $5,000 if he would remain in the employment of Don Baxter, Inc., continuously for the term of three years. The sum of $2,500 was paid and this action is for the recovery of the remainder. Judgment went for plaintiff and defendant has appealed.

■ For several years prior to the date of the agreement plaintiff had been employed as plant superintendent and designer in a business solely owned and operated by defendant under the name of E. & J. Manufacturing Company. The company designed and manufactured lifesaving resuscitators and hospital units, the majority of which were designed or developed by plaintiff while in defendant's employ. Plaintiff's knowledge, training and experience were a valuable asset to his employer.

In November, 1945, Don Baxter, Inc., a Nevada corporation, purchased the E. & J. Manufacturing Company from defendant with its assets including patents, patent rights, trade names and trade-marks. Baxter desired to have plaintiff continue to act as its plant superintendent and designer. For the purpose of assuring that he would so continue, defendant entered into the agreement which is the subject of this action. At the same time plaintiff entered into a contract of employment with Baxter and ever since that time has continued to be plant superintendent of Baxter's E. & J. department.

Shortly after Baxter had purchased E. & J. the latter's business was incorporated as a California corporation known as E. & J. Manufacturing Company. It has always been wholly owned by Baxter, the latter being the owner of the one share of stock issued by the E. & J. corporation. The same person is president of both Baxter and E. & J. corporations, they have an interlocking directorate and maintain their operations on contiguous property.

Upon the organization of E. & J. as a corporation Baxter transferred plaintiff to its E. & J. division where his employment was continued until the trial of this action. Defendant contends that his contract with plaintiff was invalidated and terminated when plaintiff ceased to be on Baxter's payroll and was transferred to that of E. & J. Such argument is without merit. Since E. & J. has at all times been solely owned by Baxter and the latter, for reasons of its own, placed plaintiff on its E. & J. payroll, he has been in the employ of Baxter both in legal effect and in the spirit of the contract between plaintiff and defendant. His services were actually rendered to and his salary paid by Baxter through an intervening instrumentality of which Baxter was sole proprietor.

■ In his brief defendant has specified several alleged errors in the admission of evidence, but has failed to refer to any portion of the record where such evidence may be found

or to point out why the evidence was inadmissible. Appellate courts will not act as counsel for either party to an appeal and will not assume the task of initiating and prosecuting a search of the record for the purpose of discovering errors not pointed out in the briefs. It is the duty of counsel to refer the reviewing court to the portion of the record to which he objects and to show that the appellant was prejudiced thereby. (*Estate of Randall*, 194 Cal. 725, 728 [230 P. 445]; *Turgeon* v. *Barney*, 70 Cal.App. 432, 435 [233 P. 394]; *Phillips* v. *Wheeler*, 55 Cal.App. 236, 237 [156 P.2d 468]; *Frasier* v. *Witt*, 62 Cal.App. 309, 316 [217 P. 114].) In defendant's reply brief he offers as a reason for the deficiency in his opening brief that the purported errors "would amount to a very great number of references" and would be "burdensome and cumbersome." Such fact does not excuse a litigant from the performance of his duty to the court and does not impose upon a reviewing court the burden of searching through a transcript for a possible error. The fact that it would be burdensome and cumbersome to appellant's counsel who are familiar with the record is a sufficient reason for their assistance to the court.

We gather from defendant's belated statement in his reply brief that the error of which he has attempted to complain has reference to evidence introduced concerning the incorporation of E. & J. and its sole ownership by Baxter. There was no error in the admission of such evidence since its purpose was to show the continuity of plaintiff's employment by Baxter through its wholly owned subsidiary.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied October 19, 1950.