Filed 2/7/14  Pahmer v. Vasseghi CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| MARCEL PAHMER, | B242899 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC 427722) |
| v. | |
| DONNA VASSEGHI et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Luis A. Lavin, Judge.  Affirmed in part; dismissed in part.

Manatt, Phelps & Phillips and Benjamin G. Shatz for Plaintiff and Appellant.

Law Offices of Timothy V. Milner and Timothy V. Milner for Defendants and Appellants.

\* \* \* \* \* \*

This case involves a dispute about a note and a deed of trust. We do not consider the portion of the appeal challenging the order denying defendants' motion for a judgment notwithstanding the verdict (JNOV) because defendants did not appeal from the post-judgment order denying a JNOV. We affirm the trial court's order denying defendants' motion for a new trial. We dismiss the cross-appeal because it was abandoned.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2009, plaintiff Marcel Pahmer filed a complaint against defendants Mohammad R. Sahranavard (Mohammad),[1] Donna Vasseghi, Chandara Sreng, Hamid Sahranavard, and H&M Trading, asserting eight causes of action.[2] As to Mohammad, Pahmer asserted actions for breach of contract and fraud. As to all of the named defendants, Pahmer alleged each engaged in actual and constructive fraudulent transfer.

The jury found in favor of Mohammad as to the allegations of breach of contract and fraud. As to the claims of fraudulent transfer, the jury found in favor of Pahmer and awarded him $598,683 in damages. In addition, the jury found Vasseghi conspired with Mohammad to fraudulently transfer property, including money, and ordered Vasseghi to pay $125,000 in punitive damages. The court entered judgment on May 10, 2012.

On May 16, 2012, defendants filed a motion for JNOV, or in the alternative, a new trial. Defendants argued there could be "no conspiracy, fraudulent transfer or punitive damages owed in the absence of money being owed under the [promissory] [n]otes," given the jury's finding of no breach of contract. Vasseghi contended the motion should be granted as to the punitive damages assessed against her, as they were not reasonably

---

[1]    We employ first names in our discussion for clarity's sake, meaning no disrespect.

[2]    Pahmer alleged all of the named defendants were "the officers, directors, agents, representatives, employers, successors, assigns, affiliates, conspirators, aider, abettors, and/or alter egos of each other." Pahmer further alleged Mohammad executed a note and deed of trust, and Vasseghi and/or other third parties intended to hinder respondent's collection of the note. Defendants do not further describe themselves in their briefs and do not provide portions of the reporter's transcript with their testimony.

2

related to the amount of compensatory damages awarded to Pahmer or to Vasseghi's assets or financial condition. Finally, defendants argued a new trial should be granted because the jury's verdicts were inconsistent.

On June 27, 2012, the trial court denied defendants' JNOV and/or new trial motion. The court explained the "jury's verdict against [p]laintiff and in favor of [Mohammad] on the breach of contract claims [was] supported by substantial evidence." In addition, the court stated the fraudulent transfer claim was consistent with the jury's verdict. With regards to Vasseghi's punitive damages challenge, the court ruled there was substantial evidence to support the amount based upon Vasseghi's "ability to earn income as an attorney, her prior earnings, her ability to do pro bono work . . . , and/or the substantial transfer of funds to or from her numerous checking accounts." Finally, the trial court denied defendants' motion for new trial, as it was not convinced "the jury clearly should have reached a different verdict as to any of the [d]efendants."

On July 27, 2012, defendants filed a notice of appeal. On the notice of appeal, defendants checked only one box, indicating they were appealing from the judgment after jury trial. Defendants did not appeal from "[a]n order or judgment under Code of Civil Procedure section 904.1(a)(3)-(13)." In addition, defendants did not otherwise identify their appeal as being from the trial court's order denying the JNOV and/or new trial motion.

Defendants' opening brief, however, primarily challenges the denial of defendants' motion for a JNOV and/or a new trial. They make the same arguments as those recited in their motion for a JNOV and/or a new trial.

On August 20, 2012, Pahmer filed a notice of a cross-appeal. Pahmer did not, however, file a cross-appellant's brief.[3]

---

[3] We sought supplemental briefing on whether the appeal from the denial of the JNOV is reviewable and whether the cross-appeal was abandoned.

## DISCUSSION

For reasons we shall explain, we dismiss the appeal from the denial of the motion for a JNOV, affirm the denial of a new trial, and dismiss the cross-appeal.

### 1. *Order Denying Defendants' Motion for a JNOV*

In their briefs on appeal, defendants challenge the denial of their motion for a JNOV. We lack jurisdiction to consider defendants' challenge to the trial court's denial of their JNOV motion because they did not appeal from that order.

Code of Civil Procedure section 904.1, subdivision (a), states, in pertinent part, an "appeal, other than in a limited civil case, may be taken from . . . [¶] . . . [¶] . . . an order . . . denying a motion for judgment notwithstanding the verdict."[4] (§ 904.1, subd. (a)(4).) "[A]n aggrieved party must file a timely notice of appeal from [an appealable] order to obtain appellate review. [Citation.] A notice of appeal from a judgment alone does not encompass other judgments and separately appealable orders . . . ." (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239.) "'"[W]here several judgments and/or orders occurring close in time are separately appealable . . . , each appealable judgment and order must be expressly specified – in either a single notice of appeal or multiple notices of appeal – in order to be reviewable on appeal."'" (*Ibid.*) "[W]here no appeal is taken from an appealable order, a reviewing court has no discretion to review its merits. . . ." (*Berge v. International Harvester Co.* (1983) 142 Cal.App.3d 152, 158.)

*Vibert v. Berger* (1966) 64 Cal.2d 65 does not compel a contrary finding. In *Vibert*, the court construed a notice of appeal from a nonappealable order sustaining the defendant's demurrer without leave to amend to be from the judgment of dismissal. (*Id.* at p. 66.) The order challenged in *Vibert* was not separately appealable. (*Id.* at p. 67.) In contrast, here, an order denying JNOV is a separately appealable order. (§ 904.1, subd. (a)(4).) This court lacks jurisdiction to consider an appeal from a separately appealable order that was not identified in the notice of appeal. (See *Berge v. International*

---

[4]     Undesignated statutory citations are to the Code of Civil Procedure.

*Harvester Co., supra*, 142 Cal.App.3d at p. 158.) Because defendants failed to appeal from the court's order denying a JNOV motion, we do not consider their argument that the court's denial of the requested JNOV was error.

Even if we construe defendants' argument as an attack on the sufficiency of the evidence supporting the judgment, defendants have demonstrated no error. "'It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact.'" (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) Defendants were required to set forth all material evidence to support their contention. (*Ibid.*) By failing to summarize the relevant evidence and by failing to provide this court with a record of the trial, defendants cannot carry their burden of demonstrating the judgment is unsupported by evidence. (*Ibid.*)

## 2. *Order Denying Defendants' Motion for New Trial*

Defendants also challenge the denial of their motion for a new trial. Although an order denying a motion for a new trial is not independently appealable, it "may be reviewed only on appeal from the underlying judgment. [Citation.]" (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19.) In light of defendants' notice of appeal from the judgment after jury trial, we have jurisdiction to review the merits of this issue. We conclude defendants fail to show error.

Defendants' "'mere naked assignment of error is . . . insufficient to warrant an inquiry into its merits. [Citation.]'" (*Martter v. Byers* (1946) 75 Cal.App.2d 375, 379.) "'[T]he burden rests on appellant to point out clearly and concisely not only the matters claimed to be erroneous, but the reasons why they are so; and upon his failure so to do, it will be deemed that such matters are not of sufficient importance to demand independent investigation.'" (*Ibid.*) Here, defendants did not refer to the record at all to support their legal argument. Defendants merely recite the law without attempting to apply the law to the facts of their case. "Appellate courts will not act as counsel for either party to an appeal and will not assume the task of initiating and prosecuting a search of the record for the purpose of discovering errors not pointed out in the briefs." (*Fox v. Erickson* (1950) 99 Cal.App.2d 740, 742.) Because defendants have failed to appropriately "support the

5

arguments in its briefs by appropriate reference to the record, which includes providing exact page citations," we are "unable to adequately evaluate *which facts* the parties believe support their position . . . ." (*Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205.)

Additionally, defendants fail to provide an adequate record for review. The reporter's transcript does not include any testimony. Therefore, we cannot ascertain whether the trial court abused its discretion without having before us a transcript of the hearing of the new trial motion or of the trial itself. (See *Wood v. Jamison* (2008) 167 Cal.App.4th 156, 162 ["[t]he trial court's determination on a motion for a new trial will not be disturbed on appeal absent a showing of a manifest and unmistakable abuse of discretion."].) Because defendants failed to provide such a record, the order denying a new trial must be affirmed. (See *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)

### 3. *Pahmer's Cross-appeal*

The cross-appeal has been abandoned and therefore, it must be dismissed. Pahmer does not argue otherwise.

## DISPOSITION

The appeal from the court's order denying defendants' JNOV motion is dismissed. The court's order denying defendants' motion for a new trial is affirmed. The cross-appeal is dismissed.

FLIER, J.

WE CONCUR:

RUBIN, Acting P. J.

GRIMES, J.

6