Filed 3/20/15  Marriage of Watkins CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of LUCINDA M. and MICHAEL D. WATKINS. | |
| LUCINDA M. WATKINS,  Respondent,  v.  MICHAEL D. WATKINS,  Appellant. | E058787  (Super.Ct.No. FAMVS701909)  OPINION |

APPEAL from the Superior Court of San Bernardino County.  Alexander R. Martinez, Judge.  Dismissed.

Michael David Watkins, in pro. per., for Appellant.

No appearance for Respondent.

1

I

INTRODUCTION

Lucinda M. Watkins and Michael D. Watkins[1] are the petitioner and respondent in a family law case first filed in 2007. They have one child, a son, born in 2005. An amended judgment was entered on April 16, 2012.

Michael is seeking visitation rights with his son, an issue which Michael asserts should be the subject of federal jurisdiction as part of a patent law case in the federal district or appellate courts in Tennessee or Florida. Michael, representing himself, has appealed from an order, or orders, made by the family law court on May 13, 2013. Lucinda has not filed an appellate brief. Based on our review of the record, we conclude the appeal should be dismissed.

II

FACTUAL AND PROCEDURAL BACKGROUND

*A. 2007 and 2008*

Lucinda, a resident of San Bernardino County, filed a family law petition in November 2007. Throughout the proceedings below, Michael, claiming to be a Tennessee resident, repeatedly challenged the jurisdiction of the San Bernardino family law court with multiple filings of documents he variously styled: "Notice of Removal of

---

[1] We use the parties' first names for ease of reference.

State Cases," "Notice of Obstruction of Justice and Notice to Judicial Officers," "Notice of Simulation of Process and Demand for Documents and Notice to All Judicial Officers," and "Notice to this Court & All Officers of this Court and Objection to the Proceedings in this Court Because this Case is Removed to Federal District Court in Orlando Florida."

On May 7, 2008, the court made a temporary order for Michael to pay child support of $371 and spousal support of $410. There were no proceedings in the case from December 2008 until February 2012 when Lucinda filed a request to enter default. The amended judgment, entered in April 2012, granted no visitation to Michael, reserved the issue of child support, and granted monthly spousal support of $1,600.

## B. 2012 and 2013

In November 2012, Michael filed a motion to vacate the judgment for lack of jurisdiction, based on the case purportedly being removed to federal court and subsequently remanded to state court. He also asked to modify the orders for support, custody, and visitation. Lucinda filed opposition. On December 12, 2012, the court denied Michael's motion to vacate the judgment and referred the case to mediation.

Michael then filed a non-standard, 228-page motion, entitled "Notice of Motion and Motion to Take Notice that the Child . . . Has Been Abducted From His Father and Response to All of Petitioners Filings in this Case." At a hearing on December 27, 2012, the court ordered the child abduction unit to investigate Lucinda's participation in a

3

protective program and ordered the parties to confer about Michael's contact with the son.

In March 2013, Michael filed a 122-page "Notice of Motion and Motion for the Court to Remedy that the Child . . . has been Abducted from His Father." Lucinda filed a motion for change of venue to Oregon, where she had moved in 2009. Michael opposed the motion, representing he was living in Long Beach, California. He also filed a complaint against Commissioner David Proulx and an objection to the mediator's custody recommendation that he be granted two hours of monthly supervised visitation with his son in Portland. The court denied both parties' motions.

*C. May 13, 2013*

On April 22, 2013, Michael filed a motion "To Amend the Minute Order from the Hearing 12-12-12 & Objection to the Additions to the Transcript," set for hearing on May 13, 2013. He argued the April 2012 default judgment against him was entered when the state court did not have jurisdiction and that the reporter's transcript and the record had been tampered with by "Patent Infringers." He also filed yet another "Notice of Obstruction of Justice and Notice to Judicial Officers," claiming federal appellate jurisdiction. He maintained that a federal district court case in Tennessee had been dismissed on September 26, 2012, and he had filed an appeal but he did not submit any supporting documentation.

4

According to the register of actions, at the hearing on May 13, 2013, the family law court denied Michael's motion to amend the minute order and transcript for December 12, 2012. The court also found that the default judgment had been registered by Lucinda in Oregon on April 18, 2013, and the visitation issue would be determined by an Oregon judge.[2]

Michael filed a notice of appeal on May 15, 2013, stating it is "from the Ruling made on May 13th, 2013, . . . when jurisdiction was challenged Judge Martinez ruled he had jurisdiction also all interlocutory orders and rulings leading up to this ruling. Judge Martinez ruled that he has authority over the Federal Court. This court has no standing to make a decision or otherwise prosecute this case for lack of subject matter jurisdiction because the Federal Court is holding Jurisdiction of this case at this time and has been holding jurisdiction for more than four years."

## III

## DISMISSAL OF THE APPEAL

Michael did not appeal from the judgment of April 16, 2012. He also did not appeal from the order denying his motion to vacate that judgment, issued on December 12, 2012. In reviewing the record, we conclude the fairest characterization of what occurred on May 13, 2013, is the family court heard and denied a motion for

---

[2] According to Michael's appellate brief, the Oregon court has conducted hearings on visitation.

reconsideration. Setting aside the question of whether Michael's December 2012 motion to vacate the judgment was even proper, an order denying a Code of Civil Procedure section 1008 motion for reconsideration is not separately appealable. (*Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 159-161.)

To the extent that Michael continues to assert federal patent law jurisdiction, the record before this court offers no coherent reason to find that federal patent law jurisdiction applies in a dispute about child visitation. The patent law case apparently involves a building technique developed by Michael. As an appellant, Michael has not cited any relevant evidence or supplied any pertinent authority to support his arguments to this court. His appeal is subject to dismissal for that reason: ". . . failure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119-1120, citing *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 710-711; *In re Randall's Estate* (1924) 194 Cal. 725, 728, 729; *Strutt v. Ontario Sav. & Loan Assn.* (1972) 28 Cal.App.3d 866, 873.) Michael "simply failed to make any arguments to support any theory of error." (*Berger,* at p. 1120.)

A postjudgment order regarding child custody and visitation is appealable. (*Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377-1378.) The California

court has not made a postjudgment order about visitation.  As of June 2013, the visitation issue was apparently pending in an Oregon court.

IV

DISPOSITION

Because we lack jurisdiction to consider the appeal, we dismiss.  Appellant shall bear his own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____
J.

We concur:


HOLLENHORST _____
Acting P. J.


MILLER _____
J.