Filed 11/30/15  Pohyar v. Dept.of Transportation CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AMAN POHYAR,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF TRANSPORTATION et al.,<br><br>        Defendants and Respondents. | A144333<br><br>(Alameda County<br>Super. Ct. No. HG12643417) |

Defendant and respondent the State of California, by and through the Department of Transportation (the Department), joined by codefendant Jack Wilding, has moved to dismiss Aman Pohyar's appeal after the superior court granted summary judgment in favor of both defendants.  We grant the motion.

## BACKGROUND

Appellant filed his opening brief on June 1, 2015.  On June 18 this court ordered the brief stricken due to appellant's failure to comply with the applicable rules of the California Rules of Court concerning the content and submission of briefs.  Our order specified that, among other things, the brief failed to provide adequate references to the record on appeal (see Cal. Rules of Court, rule 8.204(a)(1)(C)) and included attachments in excess of 10 pages and that were not identified as part of the record on appeal.  (Cal. Rules of Court, rule 8.204(d).)  Appellant was ordered to file a corrected brief that complied with the content and formatting requirements of the California Rules of Court.

1

The Order expressly directed that the failure to comply with the applicable rules of court could result in dismissal of the appeal.

Appellant filed a revised opening brief on August 5, 2015. The Department moved to dismiss the appeal on the grounds that the revised brief again failed generally to comply with the rules of court or this court's specific directives regarding record citations and attachments. Wilder joined in the Department's motion. Appellant filed a written opposition.

## DISCUSSION

"[U]pon the striking of an initial appellant's brief and the filing of a second (or subsequent) brief which fails to conform to the rules of court governing the preparation of briefs, this court may, in its discretion, dismiss an appeal in which such a brief is filed." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119 (*Berger*).) The court of appeal may also dismiss an appeal for the appellant's failure to address specific deficiencies identified in the court's order striking the initial brief. (*Id*.) "Finally, . . . failure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." (*Id*.; *In re Estate of Randall* (1924) 194 Cal. 725, 728, 729 [contentions unsupported by argument or authority are deemed abandoned].)

Careful examination of appellant's initial and revised briefs persuades us dismissal is warranted here. Although appellant has inserted a number of record citations in his revised brief, numerous factual assertions in the brief remain unsupported by relevant references to the record. (See Cal. Rules of Court, rule 8.204(a)(1)(C).) Moreover, the revised brief again includes more than 10 pages of attachments and fails to clarify whether they are part of the appellate record. (Cal. Rules of Court, rule 8.204(d).) It also fails to present cogent argument relating relevant legal authority to facts in the record. (*Berger, supra*, 163 Cal.App.33d at pp. 1119–1120; *Fox v. Erickson* (1950) 99 Cal.App.2d 740, 742.) Although we are aware of appellant's pro per status, the Supreme Court has made it clear that pro per litigants are held to the same standards as those represented by trained legal counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–

2

985.) Appellant's failure to correct the specific deficiencies identified in our June 18 order and otherwise comply with the rules of court governing the form and content of briefs constitutes an abandonment of the appeal warranting dismissal.

## DISPOSITION

The appeal is dismissed.

_____
Siggins, J.

We concur:

_____
McGuiness, P.J.

_____
Jenkins, J.